## THOMAS J. POTTER, ADMINISTRATOR OF CORA MAE MITCHELL, v. DIXIE TRANSIT COMPANY, AND JESSE MITCHELL v. DIXIE TRANSIT COMPANY.

### (Filed 27 February, 1929.)

APPEALS by defendant from *Lyon, J.,* at November Special Term, 1928, of WAYNE. No error.

On 29 September, 1927, Cora Mae Mitchell was riding in a wagon, with her husband, Jesse Mitchell, on State Highway No. 40. They were returning from Goldsboro to their home in the country.

A bus owned and operated on said highway by defendant overtook said wagon, and struck it in the rear. At the time of the collision the bus was being driven at a rapid rate of speed, and in a negligent manner.

As a result of the collision, Cora Mae Mitchell was thrown from the wagon. She thereby sustained injuries from which she died within a few weeks. Jesse Mitchell also sustained injuries to his person caused by the said collision. His wagon was damaged. He has paid or become liable for large sums for medical services to his wife and to himself and for the funeral expenses of his wife.

EASON *v.* LIGHT COMPANY.

Actions by the administrator of Cora Mae Mitchell to recover of defendant damages for her wrongful death, and by Jesse Mitchell to recover of defendant damages for injuries sustained by him, were tried together, by consent. There was a verdict in each of said actions for the plaintiffs and against the defendant.

From judgments on said verdicts defendant appealed to the Supreme Court. By consent, the said appeals were heard together.

*W. A. Finch and D. H. Bland for plaintiffs.*
*Albert L. Cox, Dickinson & Freeman and A. L. Purrington for defendant.*

PER CURIAM. Defendant's assignments of error on its appeals to this Court are based on exceptions (1) to the overruling of its objections to evidence offered by plaintiffs at the trial in the Superior Court, and (2) to instructions of the court to the jury in the charge.

There was no error in the admission of the evidence, tending to show the speed at which the bus was being driven before it struck the wagon; or in the instructions upon the issues involving the liability of defendant to the plaintiffs. The assignments of error present no question for decision by this Court, which seem to require discussion. They cannot be sustained. The judgment is affirmed.

No error.