J. D. HICKS, ADMINISTRATOR OF O. L. HICKS, v. J. D. LOVE AND R. L. BRUTON v. J. D. LOVE.

(Filed 9 December, 1931.)

1. **Evidence K a—Witness may testify as to speed of automobile without first qualifying as an expert.**

   A man of usual intelligence may testify without previous qualification as to the speed of an automobile moving upon the public highway from his own observation, when material to the inquiry, and while it is the better practice for the party offering him to show by examining him his qualifications, his testimony without such qualification will be given such weight and credibility as the jury considers it entitled to.

2. **Evidence D c—Witnesses sufficiently identified car as that of defendant to admit their testimony as to its speed.**

   Where, in an action to recover damages caused by a collision between two automobiles on a public highway, the plaintiff's witnesses testify to the speed at which the defendant's car was traveling immediately before the accident, an objection to their testimony on the ground that the defendant's car was not sufficiently identified by them will not be sustained when the testimony of all the witnesses sufficiently identifies the car referred to as that of the defendant by descriptions of its make, color and number of occupants, etc., and the defendant's car was the only car under the circumstances that could have fitted the descriptions.

3. **Death B b—Testimony that deceased provided for his family, had a comfortable home, etc., held competent in action for wrongful death.**

   In an action for wrongful death the jury may consider evidence of the plaintiff's intestate's age, habits, industry skill, means and business, C. S., 160, and the admission of testimony in this case that the deceased had a 200-acre farm, a comfortable home, and a plenty for his family to eat and wear, was not error.

4. **Damages F c—Testimony in this case as to damage to property caused by defendant's negligence held competent.**

   In an action to recover damages to the plaintiff's car resulting from a collision of two automobiles on the public highway, testimony of a properly qualified witness as to the value of the injured car before and

after the accident is competent and the admission of the testimony will not be· held for error on the defendant's objection that the witness failed to specify that the values as given were the market value when it appears that such was intended and understood by the jury.

5. **Trial E b—Held: trial court did not express opinion as to weight and credibility of the evidence.**

Where the driver of an automobile attempts to turn out on the highway and the injury in suit was received by his car being struck by a car following, and the question as to whether the driver of the forward car gave the required signal with his hand is material to the controversy, an instruction to the jury giving the plaintiff's contention that he had made the proper signal, but fully and clearly stating the law applicable to the evidence in the case and the burden of proof, is not objectionable as an expression of opinion by the court as to the weight and credibility of the evidence, nor will a charge that the jury should determine the weight of the evidence from the estimate they placed upon the credibility of the witnesses and not the number of witnesses or the volume of their testimony be held for reversible error.

6. **Trial D b—A request for a directed verdict upon conflicting evidence is properly refused.**

In an action to recover damages for a negligent injury, an instruction requested by defendant that upon the evidence, the plaintiff could not recover is properly refused when the plaintiff denies contributory negligence and was not guilty of it according to his testimony.

7. **Death B b—Recovery was not limited to nominal damages under the evidence in this action for wrongful death.**

Where damages are sought in an action for the negligent killing of the plaintiff's intestate and the liability of the defendant has been established by the answer of the jury upon the other issues, it is not necessary that the plaintiff introduce evidence of the earning capacity of the deceased in order to recover more than nominal damages, there being other evidence as to the financial worth and industry of the deceased.

APPEAL by defendant from *Moore, J.,* at April Term, 1931, of MONTGOMERY. No error.

On Sunday, 17 August, 1930, Lindsay Bruton, Cora ·Campbell (since married to Lindsay Bruton), O. L. Hicks and Essie Hall were traveling in a Ford touring car on Highway No. 80 in Stanly County, Bruton and Miss Campbell occupying the front seat and Hicks and Miss Hall the other. Hicks proposed that they stop at a cafe which was on the left side of the highway and get something to eat. Bruton turned the car to the left and it was struck by a Dodge sedan driven by Robert Love, a minor, with the consent of his father J. D. Love, the defendant. The two cars were going in the same direction, the Dodge following the Ford; they stopped 69 feet from the place of collision. Hicks suffered injuries which resulted in his death. The Ford was damaged. Suit was brought by the administrator of Hicks to recover damages for his death

and by R. L. Bruton, the owner of the Ford car, for its impaired value. Each complaint sets out acts of negligence which are supported by the plaintiffs' evidence. The defendant introduced evidence in contradiction. By consent the two cases were tried together upon separate issues. In each case the jury answered the issues of negligence, contributory negligence and damages in favor of the plaintiff. The contentions of the parties so far as they affect the controversy are stated in the opinion.

*Armstrong & Armstrong for appellant.*
*R. T. Poole for appellees.*

ADAMS, J. The record contains eighty-two assignments of error, nineteen of which relate to evidence tending to show the speed of the Dodge sedan immediately before the collision occurred. Subject to the defendant's exception several witnesses who saw the sedan and at the time were impressed by its speed were permitted to express their estimate, some saying that in their opinion it was running at the rate of fifty miles an hour and others at a rate not less than sixty.

These exceptions raise the question whether the court committed error by admitting the evidence without requiring preliminary testimony as to the observation of the witnesses, their experience in driving automobiles, and the knowledge upon which they based their judgment. With respect to the first ground it may be said that all these witnesses rested their opinion upon their personal observation of the sedan at the time spoken of; so the specific question is whether a nonexpert witness may testify as to the speed of an automobile without antecedent qualification of his competency to express an opinion on this point.

It is a rule of evidence that where special experience is held to be necessary the possession of the required qualifications by a particular person offered as a witness must be expressly shown by the party offering him. Wigmore on Evidence, sec. 560. But Wigmore says, "There are a variety of rulings on miscellaneous topics, holding that a lay witness suffices; the topics that seem to have called for frequent decision being those of the speed of a train or other vehicle and the existence of a state of intoxication." Sec. 571. In his Commentaries on Evidence, sec. 1264, Jones cites a large number of cases in support of the rule which he states as follows: "A person of ordinary intelligence, having opportunity for observation, is competent to testify as to the speed at which an automobile was being operated at a given time. The rate of speed of an automobile on a public highway is a matter of which people generally have some knowledge. It is not a matter exclusively of expert knowledge or skill. As above stated, where the rate of speed of such a

vehicle is material in an action, any person of ordinary ability and means of observation who may have observed the vehicle may give his estimate as to the rate of speed at which it was moving. The extent of his observation goes to the weight of his testimony." In the annotation appended to *Lewis v. Miller,* 70 A. L. R., 532, 540, where many cases are assembled, it is said: "It is a general rule, as to which there is little, if any, conflict, and reaching back to a time long before automobiles came into use, that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving object. This rule is held applicable to the speed of automobiles or motorcycles, any intelligent person who saw the machine at the time in question being held competent to testify as to its speed."

When the opinion of a witness is based upon the ordinary observations of mankind in the everyday affairs of life, when no great amount of technical training is necessary, it is not always essential for the witness to state his previous experience. It is the better practice for him to do so, but the accuracy of his impressions and their evidential value are subject to the test of cross-examination and are matters for the jury.

A divergent view is entertained by some of the courts, as shown by the cases cited in the appellant's brief; but this Court has adopted the rule heretofore stated. In *Potter v. Dixie Transit Co.,* 196 N. C., 824, a nonexpert witness, who had not qualified himself by a statement of his previous observation and experience, was permitted to testify after objection as to the speed of a bus traveling on the highway, and it was held that there was no error in the admission of the evidence. The exceptions referred to must therefore be overruled.

It is contended that the sedan was not identified by the witnesses and that their testimony as to its speed should for this reason have been excluded. It is reasonably clear, however, that all these witnesses referred to the same car. The time it passed and its proximity to the touring car were relevant circumstances; and it was described as a blue Dodge sedan, "full of boys"—six at least, and driven by the defendant's son.

The appellant excepted to evidence offered by the plaintiff that the deceased provided for his family, that he had a comfortable home, a 200-acre farm, and a plenty for his family to eat and wear.

In determining the pecuniary advantage to be derived from the continuance of a human life it is competent for the jury in an action for wrongful death under C. S., 160, to consider evidence as to the age,

habits, industry, skill, means, and business of the deceased. *Burton v. R. R.,* 82 N. C., 505; *Carter v. R. R.,* 139 N. C., 499; *Carpenter v. Power Co.,* 191 N. C., 130.

A part of this evidence has reference to the industry of the deceased and to the business in which he was engaged and is clearly within the scope of the cases just cited; and we see no convincing reason for holding that the result of his toil as manifested in providing for the support of his family should not be considered as evidence of his constant attention to business. Certainly the admission of the evidence is not adequate cause for a new trial. 17 C. J., 1356, sec. 244(3). We are referred by the appellant to *Kesler v. Smith,* 66 N. C., 154; but a careful perusal of the case will show that the evidence held to be incompetent was, in the first place, proof of the number in the family of the deceased at the time of his death, the proposed argument being that the number in the family ought to affect the damages; and, in the next place, proof that the deceased "was often engaged in fighting" and "was often indicted," which was offered in answer to the plaintiff's evidence that the deceased "furnished supplies to his family and was seen carrying them provisions." The case therefore is not in conflict with the conclusion above stated.

The court admitted evidence as to the value of the Ford car immediately before and immediately after the collision. The appellant excepted because this question was not restricted to the reasonable market value of the car. This is the technical form of the question, but this Court has held that proof of value is competent. *Newsom v. Cothrane,* 185 N. C., 161. We find nothing to indicate that either of the witnesses who testified made his estimate on the basis of the value of the car to the owner individually, apart from its market value.

Exception is taken to a part of his Honor's charge on the ground that it contains an expression equivalent in effect to an instruction that Lindsay Bruton gave the signal required by law when he turned his car in the direction of the cafe. We do not concur in the appellant's interpretation of the charge. After repeating a part of the testimony of the witness the judge proceeded: "And he described and demonstrated to you how he held out his hand, that he stuck his hand out through a place in the curtain prepared for that purpose about four by six inches; that he stuck his hand through that to warn anybody approaching from the rear that wanted to pass; and that he held out his hand according to the rule established by law; that he stuck his hand out straight." This, we think, can reasonably be construed only as a statement of what the witness said and not as a suggestion of the court that the witness had complied with the law.

The appellant excepted to the following paragraph in the charge: "In giving credit to the witnesses, it is not by the volume of the testimony, the preponderance of the testimony, or by its greater weight, and not from the number of witnesses, but it is the estimation you put upon the testimony of the witnesses who have testified and what credence you will give to their testimony, in passing upon these matters."

The judge had repeatedly instructed the jury that the burden was upon the plaintiff in both cases to establish the defendant's negligence by the greater weight or preponderance of the evidence. It was stated so often and so plainly as to amount to emphasis; and in the paragraph excepted to it was not withdrawn or modified. The object was to distinguish between the number of witnesses or the volume of the testimony and the greater weight or preponderance of the proof. Considering the charge as a whole we do not think the jury could have been misled to the prejudice of the appellant.

In reference to the concurrent negligence of the drivers of the two cars, the only instruction requested by the appellant was this: "If the jury believe the evidence, or any part thereof, and find the facts in accordance therewith, they are instructed to answer the second issue 'Yes.'" There was no error in refusing to give this prayer. According to the testimony of the plaintiff's witnesses there was no contributory negligence on the part of Hicks or Lindsay Bruton; but the appellant's evidence tended to establish negligence by each one of them. These respective views were presented to the jury and we find no error which warrants a new trial for failure of the court to deal more minutely with the question of contributory or concurrent negligence in the absence of a more specific request for instructions.

It is finally insisted that there is no evidence that justified the recovery of damages, and that the judge should have told the jury that the plaintiff could recover only a nominal amount. This position seems to be based on the theory that there is no direct evidence of the earning capacity of the deceased or of his net income. Direct evidence is not essential. More than nominal damages are recoverable for the negligent killing of an infant without direct evidence of the pecuniary damage other than sex, age, and health. *Russell v. Steamboat Co.,* 126 N. C., 961; *Davis v. R. R.,* 136 N. C., 115. In the present case the recovery cannot be restricted to nominal damages.

We have considered all the exceptions entered of record in behalf of the appellant and have discovered no reversible error.

No error.