ETTA RAY TYNDALL, BY HER NEXT FRIEND, DELLA TYNDALL, V. HARVEY C. HINES COMPANY, A CORPORATION, AND ROY LINSTER GRAY.

(Filed 30 October, 1946.)

**1. Evidence § 45—**

Expert testimony is not based upon facts observed by the witness, but, contrary to the general rule, is based upon facts assumed, and an expert is permitted to give his conclusion as to an ultimate fact based upon facts assumed only in scientific or technical matters in which lay jurors, by reason of lack of specialized knowledge, skill or training, are unable to make the deduction for themselves.

**2. Same—**

A lay witness is permitted to give his opinion as to common appearances, facts and conditions in those instances where the basic facts cannot be described so as to enable a person who is not an eyewitness to form an accurate judgment in regard thereto, provided such "shorthand" statement is description of facts observed by the witness.

**3. Evidence § 46—**

Lay testimony as to the speed of a vehicle is competent only when the witness' opinion is based upon his observation of the moving vehicle, and a witness may not give his estimate of speed based upon tire marks of the vehicle and conditions observed by him at the scene of the accident, both because such opinion is not based on facts within the knowledge of the witness but is a deductive conclusion from what he saw and knew, and because such opinion invades the province of the jury, the jury being competent to draw the conclusion from testimony as to the basic facts.

**4. Appeal and Error § 39e—**

The erroneous admission of testimony of a highway patrolman that from his observation of the tire marks and conditions at the scene of the accident the vehicle in question was traveling 50 to 60 m.p.h. must be held prejudicial when it appears that the question of excessive speed is one of the primary acts of negligence relied on in the theory of trial, especially where the court specifically refers to the incompetent conclusion in the charge.

**5. Same—**

The erroneous admission over objection of testimony of a witness that the vehicle in question was traveling 50 to 60 m.p.h. cannot be held harm-

less on the ground that the witness had theretofore been permitted to testify without objection that the vehicle was going at a high rate of speed, since the conclusion objected to is not in substance "the same evidence" within the meaning of the rule.

APPEAL by defendants from *Thompson, J.,* at June Term, 1946, of LENOIR.

Civil action to recover damages for personal injuries.

On 12 June, 1944, about 3 p.m., plaintiff, her sister and her smaller brother were walking single file on the left-hand shoulder of Highway 258, going toward Kinston. They were about 300 yards from the crest of a hill to their rear. The highway, after reaching the crest of the hill, curved slightly to the right.

At the same time defendant Gray was operating an ice cream truck, belonging to the corporate defendant, on said highway, going in the same direction. When the truck reached the crest of the hill it did not turn with the curve but continued in a straight direction across the left-hand lane of traffic onto the left shoulder. There it struck plaintiff and inflicted certain bodily injuries. It also struck and killed her sister. It then cut back to the right-hand shoulder, then again to the left, and stopped 224 yards from the point of impact.

Plaintiff offered evidence tending to show that the truck was being operated at from 50 to 60 m.p.h. There was evidence for defendants tending to show that the driver, just as he reached the crest of the hill, lost consciousness; that the automobile was being operated at a reasonable rate of speed, and that the steering apparatus suddenly and unexpectedly became locked or unworkable, thus preventing the driver from turning with the curve.

The usual issues of negligence and damages were submitted to the jury and answered in favor of plaintiff. The court entered judgment on the verdict and defendants appealed.

*J. A. Jones and Albert W. Cowper for plaintiff, appellee.*
*Allen & Allen and John G. Dawson for defendants, appellants.*

BARNHILL, J. About an hour after the accident, T. W. Fearing, a State highway patrolman, went to the scene of the accident to make an investigation. He gave testimony as to the marks the truck made on the shoulders of the road and upon the grass. He testified they were not brake marks but were marks made when the truck made a sudden turn, thus shifting the weight to one side or the other. He was then asked this question:

"Mr. Fearing, leaving out of consideration for the purpose of this question any reference to the distances the bodies were found from the

point of impact, and basing your opinion upon the marks you found made by the truck on the road immediately before and continuing through the point of impact and to the point where the truck was found by you, do you have an opinion satisfactory to yourself as to the rate of speed at which the truck was being driven at the time of the impact?"

Over the objection of defendants he was permitted to answer the question in the affirmative and to give his opinion that the truck was at the time being operated at a rate of speed of from 50 to 60 m.p.h.

The admission of this testimony is the basis of one of defendants' primary assignments of error. We are constrained to hold that the assignment is well advised and should be sustained.

The general rule is that a witness must speak to facts. Following this rule the courts originally confined opinion evidence to questions of science, art, or skill in some particular branch of trade and to cases of sanity and the like. *Bailey v. Poole,* 35 N. C., 404.

But this rule is too narrow to meet the needs of everyday life and to protect the rights of citizens in courts of justice. It is practically impossible to give intelligible evidence as to some facts except through the medium of an opinion. The opinion of the observer is the only practical method of placing before the jury in a general and broad way a group of facts which in detail would be difficult of description but which as a whole make up a certain conception grasped at once by the mind. *Marshall v. Telephone Co.,* 181 N. C., 292, 106 S. E., 818.

Hence there developed another well-recognized rule which permits a common observer to give testimony as to the results of his observations made at the time in regard to common appearances, facts and conditions which cannot be reproduced and made palpable to a jury, *Britt v. R. R.,* 148 N. C., 37; *Marshall v. Telephone Co., supra; Morris v. Lambeth,* 203 N. C., 695, 166 S. E., 790; *Teseneer v. Mills Co.,* 209 N. C., 615, 184 S. E., 535; *S. v. Kincaid,* 183 N. C., 709, 110 S. E., 612, or cannot be stated or described in such language as will enable persons not eye-witnesses to form an accurate judgment in regard to it. *Steele v. Coxe,* 225 N. C., 726; *Clary v. Clary,* 24 N. C., 78; 22 C. J. S., 530; *Britt v. R. R., supra; Kepley v. Kirk,* 191 N. C., 690, 132 S. E., 788; *Street v. Coal Co.,* 196 N. C., 178, 145 S. E., 11; Stansbury, N. C. Evidence, 227, sec. 122, *et seq.*

There is a distinct difference between the opinion evidence of the expert under the rule first stated and that of the layman under the second.

The expert does not speak about what he saw. He gives the ultimate fact to be deduced from facts assumed, gathered from the testimony offered. He is permitted thus to invade the province of the jury for the reason lay jurors do not possess the expert knowledge, skill, or training necessary to enable them to make the deduction for themselves.

The lay witness gives a shorthand statement, in the form of an opinion, of the facts observed, when this is the only practical method of intelligently stating what he saw. How can a witness clearly and concisely describe the rapidity of the forward motion of an object other than by stating the impression of its speed, in the terms of m.p.h., formed when he saw the object in motion? He simply gives all the general facts, which in detail would be difficult of description, in the short and understandable expression of his opinion formed at the time and based on what he observed.

So now, any person of ordinary intelligence who has had an opportunity for observation is competent to testify as to the rate of speed of an automobile or other moving object. *Hicks v. Love,* 201 N. C., 773, 161 S. E., 394; *Potter v. Transit Co.,* 196 N. C., 824, 146 S. E., 709; Anno. 70 A. L. R., 540; 94 A. L. R., 1190.

The extent of his observation goes to the weight and credibility of his testimony. *Hicks v. Love, supra; Jones v. Bagwell,* 207 N. C., 378, 177 S. E., 170; *Coach Co. v. Lee,* 218 N. C., 320, 11 S. E. (2d), 341.

Conversely one who did not see a vehicle in motion will not be permitted to give an opinion as to its speed. The "opinion" must be a fact observed. The witness must speak of facts within his knowledge. He cannot, under the guise of an opinion, give his deductive conclusion from what he saw and knew. *S. v. Thorp,* 72 N. C., 186; Stansbury, N. C. Evidence, 227, sec. 122; *Nelson v. Hedin,* 169 N. W., 37; *Everart v. Fischer,* 147 Pac., 189.

Here the witness did not see the truck in motion. He saw certain marks on the road. When he gave his estimate of speed he was not speaking of what he saw. He was giving a conclusion reached upon a consideration of the facts he observed.

He gave a plain, clear, and distinct description of the signs, marks, and conditions he found at the scene of the collision so that ordinary jurymen could readily understand and appreciate just what he saw. Hence the jury was just as well qualified as he to determine what inferences the facts about which he testified permitted or required, *Burwell v. Sneed,* 104 N. C., 118; *Cogdell v. R. R.,* 132 N. C., 852; *Marshall v. Telephone Co., supra,* and it was for them to decide.

On this record the admission of this evidence, in our opinion, was prejudicial to the defendants. The witness was a State employee whose duty it was to make a disinterested and impartial investigation of the accident. In so doing he was a representative of the State. His testimony should, and no doubt did, carry great weight with the jury.

His testimony was material to the issue being tried. Excessive and unlawful speed is paramounted in the complaint, in the testimony, and in the charge of the court as one of the primary acts of negligence relied on by plaintiff. The manner of operation of the truck, due to its speed,

was reckless and unlawful; the excessive speed caused the driver to lose control; made it impossible for him to turn with the curve and remain on the hard surface, or for plaintiff and her companions to get out of the way of the rapidly approaching vehicle. This was the theory of the trial. So then any evidence tending to prove an unlawful rate of speed had a direct bearing on the cause of action plaintiff was seeking to establish.

Furthermore, in its charge to the jury, the court made special reference to the testimony of this witness, to his official position and to his statement that the car was traveling from 50 to 60 m.p.h.

We are not inadvertent to the prior testimony of this witness that the marks he saw on the pavement "indicated that the truck was going at a high rate of speed." We are of the opinion that it is not in substance "the same evidence" thereafter given to which exception was entered within the rule stated in *Shelton v. R. R.*, 193 N. C., 670, 139 S. E., 232, and approved in *Colvard v. Light Co.*, 204 N. C., 97, 167 S. E., 472; *Lambert v. Caronna*, 206 N. C., 616, 175 S. E., 303; and *Owens v. Lumber Co.*, 212 N. C., 133, 193 S. E., 219.

Plaintiff cites and relies on 9 Blashfield (Pt. 2), 710. On this record, the principle of law there stated is not in point.

For the reason stated there must be a

New trial.