ESTELLE HARRIS, ADMX., v. E. R. DRAPER.

(Filed 2 February, 1951.)

**1. Automobiles § 18g (4)—**

The driver of a car hit by another at right angles at an intersection is competent to testify as to his opinion of the speed of such other car when it struck the car he was driving, the weight and credibility of his testimony being for the jury.

**2. Appeal and Error § 39b—**

Where excluded evidence is germane to the issues of negligence and contributory negligence, error in its exclusion cannot be rendered harmless by the verdict when only one of these issues is answered in favor of the party offering the testimony.

**3. Trial § 31b: Appeal and Error § 6c (6)—**

The court misquoted the testimony of a witness on a crucial point. Plaintiff's counsel called the matter to the court's attention and the court replied that the statement was in accord with its recollection, at which counsel for defendant interjected agreement. *Held:* The failure of the court to correct the inadvertence must be held for prejudicial error upon exception and assignment of error properly presented.

**4. Appeal and Error § 39f—**

Where the court, instead of correcting an inadvertence in the statement of the testimony upon a crucial point, states that the narrative was in accordance with the court's recollection, and the error is emphasized by the interjection of counsel for the opposing party that the narrative was in accordance with his recollection also, the error cannot be held cured by the court's instruction that the jury should take its own recollection of the evidence and not that of the court or counsel.

**5. Automobiles § 20b—**

Where the owner of a car permits another to drive it for exclusive personal purposes of such other person, and rides in the car solely for the purpose of returning the car to his home after such other person has completed his trip, whether the driver is the agent of the owner while making the trip, *quære*, but it would seem to be a question for the jury.

APPEAL by plaintiff from *Sharp, Special Judge,* February-March Term, 1950, of DURHAM.

Civil action to recover damages for alleged wrongful death of plaintiff's intestate and for damages to his automobile when plaintiff's car, under the control and operation of Ervin Lee Green, collided with or was struck by defendant's automobile at the intersection of U. S. Highway 15-A and N. C. Highway 264.

On Sunday afternoon, 31 October, 1948, plaintiff's intestate allowed Ervin Green to use his Ford Sedan to take a girl friend from Durham to Raleigh and then to go on over U. S. Highway 15-A to his home in Creedmoor, plaintiff's intestate going along in order to bring the automobile back from Creedmoor to Durham.

At the same time the defendant, E. R. Draper, was traveling in his Hudson Sedan over N. C. Highway 264 from Wake Forest to Durham. Both drivers were quite familiar with these highways, having traveled them frequently, and especially where they intersect about fifteen miles north of Raleigh.

Ervin Green testified that he approached the intersection at a speed of 30 or 35 miles per hour and "as I entered the intersection," the overhead traffic signal light "was green for me." He saw the defendant's car approaching from the east on 264, but he was first to enter the intersection. "I was just about under the light when I was struck by the other car. . . . The front of the other car struck the right door of my

car. I could tell at the time the other car struck me how fast it was going." "Q. How fast?" Objection sustained. Exception No. 1. If allowed to answer, the witness would have said "About 60 miles an hour." The Ford Sedan was knocked a distance of five or six feet by the impact and damaged considerably. Plaintiff's intestate, who was sitting next to the right-hand door, was cut by flying glass and died on the way to the hospital.

The defendant testified that he had a conversation with Ervin Green just after the collision. "I asked him if he didn't see the red light and he said he didn't see the light until just before he went under it—he glanced up and saw the light. . . . He said he saw it just before he went under it."

In charging the jury, the trial court quoted the defendant several times as saying Green told him "he did not see the light was red . . . or the red light until he was right under it."

Whereupon counsel interposed:

"Mr. Bryant: Of course, as you instructed the jury, it is their recollection of the evidence, but it was my impression that Mr. Draper did not testify Green told him the light was red or he did not see the red light, but that he did not see the light until he got into the intersection, without making any statement as to its color.

"Court (resuming): Well, gentlemen, it is my recollection he said Green told him that when he ran under it he saw the light was red."

"Mr. Fuller: That was my recollection, too." Exception No. 4.

"(Court—resuming): However, you will go by your own recollection and not by mine or by counsel. In any event, gentlemen, you will remember what the witness said."

The issues of negligence and contributory negligence were both answered in the affirmative, and from judgment thereon dismissing the action, plaintiff appeals, assigning error.

*Victor S. Bryant, Robert I. Lipton, and Victor S. Bryant, Jr., for plaintiff, appellant.*

*Fuller, Reade, Umstead & Fuller for defendant, appellee.*

STACY, C. J. The question for decision is whether the trial and judgment can be sustained in the face of the exceptions shown in the record and debated on brief. We are constrained to answer in the negative.

*First. Exception to Exclusion of Evidence:* The witness, Ervin Green, if allowed to testify, would have said the defendant's car was traveling about 60 miles an hour when it struck the car he was driving. This proffered testimony was competent, its weight and credibility, of course, being for the jury. *Hicks v. Love,* 201 N.C. 773, 161 S.E. 394;

*Jones v. Bagwell,* 207 N.C. 378, 177 S.E. 170; *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828; *Brafford v. Cook,* 232 N.C. 699.

True it is, the jury answered the issue of negligence in favor of the plaintiff, and this ordinarily might have cured the error. In the instant case, however, the proffered testimony was also competent on the issue of plaintiff's alleged contributory negligence or the sole negligence of the defendant. The vital question, debated on the hearing, was whether Green or the defendant entered the intersection against the red light.

*Second. The Misquotation of Evidence in the Court's Charge:* After the court had stated to the jury for the third time that, according to the defendant's testimony, the driver of plaintiff's intestate's car told the defendant immediately after the collision, "he did not see the light was red . . . or the red light until he was right under it," counsel for plaintiff arose and called the court's attention to what he conceived an inadvertent misquotation of the evidence. Instead of referring to the record which would have borne out plaintiff's contention, the court replied: "It is my recollection that he said Green told him that when he ran under it he saw that the light was red." And counsel for defendant also interjected: "That was my recollection, too." Thus, instead of correcting the inadvertence, it was emphasized and fortified by the recollection of defendant's counsel, which rendered the plaintiff's last state worse than his first.

The fact the jury was immediately told they would not take the court's recollection, or that of counsel, but would rely on their own memory of what the witness had said was hardly sufficient to meet the objection interposed by counsel. The prejudicial emphasis and effect had already been given and were allowed to stand without any change, modification, or correction.

It is the rule with us that when counsel deem the recitals of the court incorrect as to the facts of the case or the contentions arising thereon, the matter must be called to the court's attention, either at the time or perhaps more appropriately at the close or just before the close of the charge, so as to afford an opportunity of correction; and where this is done, as here, and no correction is made, the party aggrieved must be given a hearing on appeal, if properly presented by exception and assignment of error. *S. v. McNair,* 226 N.C. 462, 38 S.E. 2d 514; *S. v. Sinodis,* 189 N.C. 565, 127 S.E. 601; *S. v. Barnhill,* 186 N.C. 446, 119 S.E. 894, 85 A.L.R. 541.

Then, too, it must be remembered the matter here complained of was deadly on the issue of contributory negligence, for an admission from Green that he entered the intersection against the red light was fatal to plaintiff's cause under the theory of the trial.

Moreover, it may be doubted whether the court was justified in assuming Ervin Green to be the agent of plaintiff's intestate and acting in the scope of such agency on the occasion in question. Plaintiff contends that her intestate was a guest in the car at the time and that he went along only to drive the car back to Durham after Green had reached his home in Creedmoor. The evidence appears to be susceptible of either interpretation, which would seem to require or indicate its submission to the jury on the point. Anno. 80 A.L.R. 291.

A new trial is made necessary by the exceptions. It is so ordered.

New trial.