MARTHA JANE GREEN v. ISENHOUR BRICK & TILE COMPANY, INC. AND ANDREW D. CORRY.

(Filed 15 January, 1965.)

**1. Pleadings § 12—**

　　A demurrer admits the factual allegations of the complaint.

**2. Automobiles §§ 6, 35—**

　　Allegation that a driver violated an ordinance intended to promote safety in the use of the streets of a municipality charges negligence.

**3. Automobiles § 35—**

　　In an action for negligence the complaint must allege facts supporting the legal conclusions of negligence and proximate cause.

**4. Negligence § 7—**

　　Proximate cause is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under the existing circumstances.

**5. Automobiles § 35— Complaint held not demurrable as compelling conclusion of insulating negligence or contributory negligence.**

Allegations to the effect that defendant driver parked his truck on the east side of a oneway street for northbound traffic in such manner that its rear extended into the lane for moving traffic in violation of ordinance, that the driver of the car in which plaintiff was a passenger was traveling in the east lane and was squeezed between the parked truck and a vehicle traveling in the center lane, and, in the emergency, struck the parked vehicle, to plaintiff's injury, *held* not to compel the conclusion that the negligence of the driver of the car in which plaintiff was riding insulated defendant's negligence nor, if it was imputed to plaintiff, that it constituted contributory negligence as a matter of law, and demurrer should have been overruled.

**6. Automobiles § 48—**

The fact that the driver is negligent does not preclude recovery by his passenger against the driver of the other car involved in the collision, since, if both are negligent, plaintiff is entitled to recover from either or both.

**7. Automobiles § 52—**

In an action by an owner-passenger against the driver of the other car involved in the collision, demurrer should not be sustained even if the facts alleged disclose negligence on the part of the driver of plaintiff's car, since plaintiff's allegation that she was a passenger would permit her to show that she had relinquished the right of control.

**8. Pleadings § 3—**

The complaint should contain a concise statement of the facts constituting the cause of action and it should not delineate evidentiary facts nor anticipate a defense and undertake to avoid it. G.S. 1-122.

APPEAL by plaintiff from *Crissman, J.,* in Chambers, September 4, 1964, High Point Division of GUILFORD.

Plaintiff seeks compensation for personal injuries and property damage resulting from a collision between her automobile and a truck operated by individual defendant (Corry), as agent for the owner, corporate defendant (Brick Company).

Defendants demurred to the complaint. They aver the complaint affirmatively establishes the negligence charged to them was not a proximate cause of the collision and resulting injury; and, further, the complaint affirmatively establishes negligence imputable to plaintiff, which negligence bars her right to recover.

The court sustained the demurrer. Plaintiff appealed.

*Moser and Moser for plaintiff appellant.*
*Lovelace & Hardin for defendant appellees.*

RODMAN, J.   The demurrer admits the factual allegations of the complaint. *Bennett v. Surety Corp.*, 261 N.C. 345, 134 S.E. 2d 678; *Stegall v. Oil Co.*, 260 N.C. 459, 133 S.E. 2d 138.

The complaint alleges these facts: Vehicular travel on South Hamilton Street in High Point is restricted to vehicles moving, or to move, in a northward direction. The vehicular portion of the street is divided into five lanes. The easternmost and westernmost lanes are for use in parking. The three innermost lanes are for moving traffic. An ordinance of High Point requires vehicles parking in the eastern lane to park with their right wheels within one foot of the curb, and in such manner that no part of the parked vehicle shall extend over and into a lane intended for use by moving traffic. Corry, on the afternoon of July 30, 1962, parked a Dodge truck belonging to Brick Company in the easternmost lane. It was parked in such manner that its left front and rear wheels extended some two and one-half feet into the adjoining traffic lane. Plaintiff, a passenger in a Ford automobile operated by Inez Gaines, was traveling north in the lane immediately adjacent to the eastern parking lane. The driver of the Ford, seeing the parked truck extending partially into her lane of travel, pulled slightly to the left. When the Ford reached, or was about to reach, the parked truck, a vehicle using the center lane passed the automobile in which plaintiff was riding. The passing automobile cut in front of the Ford. The driver of the Ford sought to avoid a collision with the truck and the vehicle using the center lane. She pulled to her right, but, because of the extension of the truck into the lane of the Ford, she was unable to avoid a collision. Plaintiff sustained personal injuries. Her automobile was damaged when it collided with the truck.

An allegation that one violated an ordinance intended to promote safety in the use of the streets of a municipality charges negligence. *Bridges v. Jackson*, 255 N.C. 333, 121 S.E. 2d 542; *Carrigan v. Dover*, 251 N.C. 97, 110 S.E. 2d 825; *Funeral Service v. Coach Lines*, 248 N.C. 146, 102 S.E. 2d 816; 60 C.J.S. 770.

It is not sufficient for a complaint to charge a defendant with negligence. The complaint must go further and allege facts showing the negligent act was a proximate cause of the injuries of which plaintiff complains.

Winborne, C. J. defined proximate cause as: "[A] cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." *Jackson v. Gin Co.*, 255 N.C. 194, 120 S.E. 2d 540. The

quoted definition is in accord with many other decisions by this Court. See cases assembled, 3 Strong's N. C. Index 449, note 52.

Plaintiff's statement of facts is sufficient to charge injury resulting from defendants' negligence, continuing until the moment of impact and injury. A jury may find that a prudent person, with knowledge of the density of traffic indicated by the marking of lanes for parked and moving vehicles, should have foreseen the likelihood of a collision. This is sufficient to require submission to a jury. *Davis v. Jessup*, 257 N.C. 215, 125 S.E. 2d 440; *Moore v. Plymouth*, 249 N.C. 423, 106 S.E. 2d 695; *Graham v. R. R.*, 240 N.C. 338, 82 S.E. 2d 346. The mere fact that another is also negligent and the negligence of the two results in injury to plaintiff does not relieve either. *Turner v. Turner*, 261 N.C. 472, 135 S.E. 2d 12; *Batts v. Faggart*, 260 N.C. 641, 133 S.E. 2d 504; *Tart v. Register*, 257 N.C. 161, 125 S.E. 2d 754.

Defendants contend the complaint shows Miss Gaines, operating the Ford, was negligent; and her negligence insulated defendants' negligence. This contention cannot be sustained for the reasons given above.

Defendants' second assigned ground for the demurrer is that the negligence of the operator of the vehicle bars plaintiff's right to recover. This contention is based on the following reasoning: Plaintiff owned the automobile, hence she had the right to control its operation. The operator, Miss Gaines, was negligent. Her negligence must be imputed to plaintiff under the doctrine of *respondeat superior*.

Conceding, without deciding, the right to use a demurrer to establish contributory negligence (see G.S. 1-139), it is, we think, manifest that the demurrer cannot be sustained, since the complaint does not affirmatively show contributory negligence. *Boykin v. Bennett*, 253 N.C. 725; 118 S.E. 2d 12; *Skipper v. Cheatham*, 249 N.C. 706, 107 S.E. 2d 625. It does not necessarily follow from the facts stated in the complaint that the operator of the Ford was negligent. Did she act in an emergency? Was the collision proximately caused by the negligence of defendants and the driver of the car using the center lane? Evidence is necessary to answer these questions. If Gaines, operator of the Ford, was negligent, it does not follow as a matter of law that her negligence would be imputed to the owner-occupant. The evidence may show the owner had relinquished the right to control. The presumption is evidentiary only. *Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885. The allegation that plaintiff was a passenger would permit her to show she had relinquished the right to control. *Harris v. Draper*, 233 N.C. 221, 63 S.E. 2d 209; *Gaffney v. Phelps*, 207 N.C. 553, 178 S.E. 231.

When a demurrer has been interposed to defeat plaintiff's claims because of an asserted failure to state a cause of action, recognition must

be taken of the separate functions which the complaint and the evidence perform. The complaint should, by statute, G.S. 1-122, be a "concise statement of the facts constituting the cause of action * * *." Its purpose is to give the opposing party notice of the facts on which plaintiff relies to establish liability. The complaint should not delineate evidentiary facts. *Brewer v. Elks,* 260 N.C. 470, 133 S.E. 2d 159; *Tart v. Register, supra; Jones v. Loan Association,* 252 N.C. 626, 114 S.E. 2d 638. Plaintiff should not anticipate a defense and undertake to avoid it. *Scott v. Jordan,* 235 N.C. 244, 69 S.E. 2d 557.

It does not affirmatively appear from the complaint that defendants have been relieved of liability for their negligence by the negligence of others. No evidence has been offered. We cannot foretell what it may establish.

The judgment sustaining the demurrer is
Reversed.