ELIZABETH ANN TAYLOR v. JACK HAYES

No. 7921DC421

(Filed 5 February 1980)

**Evidence § 40.1; Landlord and Tenant § 19.1— tenant's action for deceptive trade practices and return of deposit—prejudicial opinion testimony**

    In an action to recover for unfair and deceptive trade practices in the lease of an apartment and to obtain a refund of a security deposit, the admission of plaintiff's testimony that on one occasion when she sought a refund of her security deposit, defendant "ran up his back steps through his back door through his house and got out the front door, and I thought he had gone to get a gun or something so we left" constituted prejudicial error since the testimony was nothing more than opinion and tended to elicit sympathy for plaintiff and antipathy toward defendant.

APPEAL by defendant from *Keiger, Judge.* Judgment entered 15 November 1978, in District Court, FORSYTH County. Heard in the Court of Appeals 5 December 1979.

Plaintiff was a tenant of the defendant from 11 March 1978 to 18 March 1978 in an apartment located at 15½ Monmouth Street in Winston-Salem, North Carolina. Plaintiff alleged that defendant made untrue and misleading representations which induced her to enter into a rental agreement for the apartment; that the apartment was not habitable. Plaintiff moved out eight days later and brought this action, contending that defendant's misrepresentations and concealments constituted unfair and deceptive trade practices under the provisions of G.S. 75-1.1. Plaintiff also sought a refund of her security deposit. Defendant counterclaimed for damages to the apartment, contended that the lease was for one year, and sought to collect eleven months' rent under the terms of the lease. The jury answered issues in favor of the plaintiff, granting her recovery of her security deposit of $175.00 and the sum of $785.00 for damages otherwise sustained. The judge trebled the damages under the provisions of G.S. 75-1.1 and entered judgment accordingly.

Defendant appealed.

*Ellen W. Gerber, of Legal Aid Society of Northwest North Carolina, Inc., for plaintiff appellee.*

*Tanis & Tally, by David R. Tanis, and White & Crumpler, by G. Edgar Parker, for defendant appellant.*

Taylor v. Hayes

HILL, Judge.

Of the twenty-five arguments brought forward by defendant, we find all exceptions except one to be without merit.

Plaintiff had sought a refund of her security deposit on several occasions after moving out and had been rebuffed by defendant. The record indicates defendant scared plaintiff's children on one occasion when he screamed at plaintiff. Thereafter, plaintiff and her boyfriend again sought a refund of the security deposit, and the boyfriend admonished the defendant that he had "no right to talk to [plaintiff] in this way."

Thereupon, plaintiff testified:

> He [defendant] ran up his back steps through his back door through his house and got out the front door, and I thought he had gone to get a gun or something so we left.

The defendant objected and moved to strike, which motion was overruled.

This was error and sufficiently prejudicial to require a new trial. Such testimony was nothing more than opinion and was incompetent. Plaintiff had no way of knowing what the defendant was going to do.

A witness must speak of facts within his own knowledge. *Tyndall v. Hines Co.*, 226 N.C. 620, 623, 39 S.E. 2d 828 (1946). "Moreover, a witness's opinion of another person's intention on a particular occasion is generally held to be inadmissible." (Citations omitted.) *State v. Sanders*, 295 N.C. 361, 369-70, 245 S.E. 2d 674 (1978).

A careful reading of the record before us reveals extreme tension between the parties during their negotiations after signing the lease and even during the trial. To permit such testimony to remain before the jury under these circumstances could elicit sympathy for the plaintiff and antipathy toward defendant.

For this reason, the judgment in the cause is vacated, and the defendant is granted a new trial.

New trial.

Chief Judge MORRIS and Judge PARKER concur.