Fowler v. Graves

---

MICHAEL DOUGLAS FOWLER v. DALENDAR SYLVESTER GRAVES AND ANGELA COBB GRAVES

No. 8617SC124

(Filed 25 November 1986)

1. **Automobiles and Other Vehicles § 83.2— pedestrian struck by automobile—contributory negligence—properly submitted to jury**

    In an action arising from an accident in which an automobile struck a pedestrian, the trial judge did not err by denying defendant driver's motions for a directed verdict and for a judgment n.o.v. based on plaintiff pedestrian's contributory negligence where, in the light most favorable to plaintiff, the evidence showed that plaintiff saw defendant approaching on the wrong side of the road; plaintiff assumed defendant would return to his side of the road; plaintiff went to the door on the driver's side of his automobile, which was in the path of the oncoming vehicle; defendant did not return to his side of the road; and plaintiff was struck. The jury could have found contributory negligence, but it was not the only conclusion they could have drawn.

2. **Automobiles and Other Vehicles § 45.8— automobile accident—exclusion of testimony that plaintiff drinking—harmless error**

    In an action arising from an accident in which plaintiff pedestrian was struck by defendant's automobile, defendant was not prejudiced by the exclusion of testimony from a nurse-anesthetist that plaintiff's mother and wife had told her that plaintiff had been drinking all day because plaintiff's mother was not with plaintiff for several hours before the accident and defendant elicited testimony from people who were with plaintiff that he had been drinking beer.

3. **Automobiles and Other Vehicles § 46— highway patrolman's opinion as to speed—based on skid marks—admission erroneous**

    There was prejudicial error in an action arising from an accident in which a pedestrian was struck by an automobile in the admission of a highway patrolman's estimate of defendant's speed based on his observation of skid marks.

4. **Automobiles and Other Vehicles § 83.2— pedestrian struck by automobile—contributory negligence—instructions—no error**

    In an action by a pedestrian who was struck by an automobile, the court did not err by refusing to instruct the jury that they must find that there was contributory negligence if they determined that plaintiff had violated N.C.G.S. § 14-444.

5. **Automobiles and Other Vehicles § 46.1— automobile accident—opinion of physician—similarity of head injury symptoms to intoxication—admissible**

    The trial court did not err in an action by a pedestrian who had been struck by an automobile by admitting the opinion of plaintiff's physician on the similarity between the symptoms of a person suffering a head injury and those typically associated with intoxication.

APPEAL by defendant from *Wood, Judge.* Judgment entered 7 October 1985 in Superior Court, CASWELL County. Heard in the Court of Appeals 18 August 1986.

This is an action for personal injury in which the plaintiff has alleged that he was injured by the defendant's negligent operation of an automobile. The plaintiff's evidence tends to show that on 24 October 1981 he and several friends drove to an area in Caswell County known as "the pavement" to socialize, drink beer and await the arrival of the defendant, another of the plaintiff's friends. "The pavement" is a several mile dead-end road, at one time part of Highway 86 but now closed off from the main highway. There is little traffic in the area other than local people who gather there on weekends.

When the plaintiff arrived at "the pavement" he parked his car on the shoulder approximately ninety feet east of a bridge with two feet of the car extending into the westbound lane of travel. The defendant approached in the eastbound lane. When he arrived at the bridge the defendant pulled his car toward the middle of the bridge, straddling the center line. The plaintiff testified that the defendant accelerated as he crossed the bridge. At this point the plaintiff and his companions were standing behind his parked car. Realizing that the defendant had not returned to his

proper lane the plaintiff nonetheless walked from behind his car toward the door on the driver's side. It then became apparent that the defendant would continue to drive along the center line and the plaintiff attempted to dive across the hood of his car. He testified that he walked into the road to get into his car because he thought the defendant would "whip over into his lane." The plaintiff was struck by the defendant's car and sustained injuries necessitating surgery and a lengthy hospital stay.

The defendant presented testimony from the investigating officer that when he arrived at the accident scene the plaintiff's car was parked squarely in the center of the westbound lane of travel. The defendant also testified that at the time of the accident the plaintiff's car was parked in the center of the lane and that in order for the plaintiff to approach the driver's side door he necessarily stepped into the defendant's proper lane of travel. After crossing the bridge the defendant returned to his proper lane. As he approached the area where the plaintiff's car was parked the plaintiff jumped out from behind his car and directly into the defendant's path giving the defendant no opportunity to avoid an accident.

The jury returned a verdict for the plaintiff in the amount of $50,000.00. From a judgment entered on that verdict the defendant appealed.

*George B. Daniel for plaintiff appellee.*

*Tuggle, Guggins, Meschan & Elrod, P.A., by Fredrick K. Sharpless, for defendant appellant.*

WEBB, Judge.

[1] The defendant first assigns error to the denial of his motion for a directed verdict and his motion for judgment notwithstanding the verdict. He argues that all the evidence shows the plaintiff was contributorily negligent as a matter of law. If all the evidence so clearly established the contributory negligence of the plaintiff as one of the proximate causes of the injury, that no other reasonable conclusion is possible, it was error not to allow the defendant's motion for directed verdict and his motion for judgment notwithstanding the verdict. *See Ragland v. Moore,* 299 N.C. 360, 261 S.E. 2d 666 (1980).

In the light most favorable to the plaintiff, the evidence shows in this case that the plaintiff saw the defendant approaching on the wrong side of the road as the defendant crossed the bridge. The plaintiff assumed the defendant would return to his side of the road after he crossed the bridge. The plaintiff then went to the door on the driver's side of his automobile which was in the path of the oncoming vehicle. The defendant did not return to his side of the road and the plaintiff was struck. This is evidence from which the jury could find contributory negligence but we do not believe it is the only conclusion they could draw. The jury could find that the plaintiff was doing what a reasonable man would do when he assumed the defendant would return to his side of the road and avoid striking the plaintiff. It was not error to submit the contributory negligence issue to the jury.

We do not believe *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E. 2d 47 (1985), *aff'd per curiam*, 315 N.C. 383, 337 S.E. 2d 851 (1986) and *Hughes v. Gragg*, 62 N.C. App. 116, 302 S.E. 2d 304 (1983), which are relied on by the defendant are helpful to him. In *Hughes*, the evidence showed the deceased stepped in front of an oncoming vehicle in such a way that the driver of the vehicle could not avoid striking him. In this case, the plaintiff's evidence showed that the defendant could have avoided striking the plaintiff. In *Meadows*, all the evidence showed the plaintiff was standing in the path of the defendant's oncoming vehicle and when the defendant turned toward the middle of the road to avoid the plaintiff, the plaintiff moved into the defendant's vehicle. The defendant in that case could not have avoided the plaintiff.

[2]   In his second assignment of error the defendant contends the court erred in refusing to allow Susan Bennett, certified nurse-anesthetist, to testify that on the day of the accident the plaintiff's mother and wife told her that the plaintiff had been drinking all day. The plaintiff had been taken to the hospital and the nurse was treating him when his mother allegedly made this statement. The defendant does not argue that this testimony was admissible under G.S. 8C-1, Rule 803(4) which creates an exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment. He argues that it was offered and was admissible to impeach the testimony of the plaintiff's mother that the plaintiff had nothing to drink on the day of the accident. The plaintiff's mother was not with the plaintiff for several hours

before the accident. The jury should have known she did not know whether the plaintiff had been drinking. The defendant elicited testimony from the people who were with the plaintiff that the plaintiff had been drinking beer. The defendant should not have been prejudiced by the exclusion of the testimony of the nurse anesthetist.

[3] The defendant next assigns error to the admission of testimony by the highway patrolman based on his observation of the skidmarks that in his opinion the defendant's vehicle was traveling at a speed of 40 miles per hour. It was held in *Tyndall v. Harvey C. Hines Co.*, 226 N.C. 620, 39 S.E. 2d 828 (1946), that it is error to let a highway patrolman give his opinion as to the speed of a motor vehicle based on his observation of the skidmarks. In that case, the court held that it was prejudicial error because the testimony was material to the issue being tried. The court said excessive speed was a primary act of negligence upon which the plaintiff relied. There was an allegation of excessive speed in the complaint and the court charged on excessive speed. In this case, there was an allegation of excessive speed in the complaint and the court charged on excessive speed as an act of negligence. We believe we are bound to hold under *Tyndall v. Harvey C. Hines Co., supra,* that it was prejudicial error to admit the testimony of the highway patrolman as to his opinion of the speed of the vehicle.

[4] The defendant next assigns error to the court's refusal to instruct the jury that they must find there was contributory negligence if they determined the plaintiff had violated G.S. 14-444. We hold the court made a proper charge on this feature of the case.

[5] By his fifth assignment of error the defendant argues that the court improperly admitted into evidence the opinion of Dr. Musgrave, the plaintiff's physician, concerning the similarity between the symptoms caused by a head injury and those typically associated with intoxication. He argues that this was error because there is no indication in the record that the witness's opinion was based upon reasonable scientific certainty or probability rather than upon "mere speculation or possibility." The record indicates that on cross-examination the witness, qualified as an expert in the field of orthopedic surgery, stated that the plaintiff

experienced inability to answer questions normally, restlessness and disorientation after the accident. On redirect examination the witness stated that those symptoms would be caused by a head injury of the type suffered by the plaintiff. He then stated that this type of head injury could cause an individual to have characteristics similar to those of a person who is intoxicated. We believe the fact that the witness was qualified as a medical expert and had earlier stated that a head injury would cause symptoms of the type suffered by the plaintiff establishes a sufficient foundation to take the witness's opinion out of the realm of mere speculation or possibility.

We do not discuss the defendant's last assignment of error as the question it poses may not arise at a new trial.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.