MILDRED S. JOHNSON, Administratrix of the Estate of PHILIP RANDALL JOHNSON, deceased v. LYNWOOD EDWARD YATES, JR., and LYNWOOD EDWARD YATES, SR.

No. 764SC478

(Filed 3 November 1976)

1. Automobiles § 46— wrongful death — automobile accident — investigating officer's opinion as to speed — admission prejudicial error

In a wrongful death action where plaintiff alleged that her intestate was killed while riding in a vehicle driven by defendant at a speed greater than that posted, the trial court committed prejudicial error in allowing the State Trooper who arrived at the scene after the accident for the purpose of investigating it to testify that the speed of defendant's vehicle immediately before the accident was from 70 to 80 mph, since the rule in this State is that one who did not see a vehicle in motion will not be permitted to give an opinion as to its speed.

2. Automobiles §§ 73, 91— wrongful death — willful and wanton negligence of defendant — contributory negligence of plaintiff no bar — requirement that issue be submitted to jury

Where the death of a plaintiff's intestate is the result of willful and wanton conduct on the part of the defendant, the intestate's contributory negligence will not bar recovery; and where the plaintiff alleges and offers evidence tending to show that willful and wanton conduct on the part of the defendant proximately caused the intestate's death, it is error for the trial court to refuse to submit plaintiff's tendered issue as to the willful and wanton negligence of the defendant.

3. Automobiles §§ 51, 91— evidence of excessive speed — issue of willful and wanton negligence properly submitted to jury

In a wrongful death action where plaintiff alleged that her intestate's death was proximately caused by defendant's willful and wanton negligence, plaintiff was entitled to have the issue submitted to the jury, even if the court had properly excluded opinion evidence as to the speed of defendant's vehicle, where plaintiff's evidence tended to show that defendant driver, after drinking a quantity of intoxicants sufficient to cause his blood content of alcohol to be .17, operated the pickup truck in which intestate was riding as a passenger over a narrow rural paved road, in the nighttime, at a speed so great that when said driver lost control of the vehicle it slid on the paved portion of the road 260 feet, then slid on the ground adjoining the road 137 feet, and then struck a tree with a 12 inch trunk with such force that the tree was uprooted and mashed into and around the vehicle.

Appeal by defendants from *Lanier, Judge.* Judgment entered 15 January 1976 in Superior Court, Jones County. Heard in the Court of Appeals 19 October 1976.

In this action plaintiff seeks to recover for the wrongful death of her intestate. In her complaint she alleges that intestate was killed while riding as a passenger in a pickup truck owned by defendant Yates, Sr., and driven by defendant Yates, Jr., in a careless and wreckless manner, in willful and wanton disregard of the rights and safety of others, in violation of the posted speed limit and without keeping said vehicle under proper control.

In their answer defendants deny negligence, allege that the accident was unavoidable and that plaintiff's intestate was contributorily negligent in that he failed to admonish defendant driver with respect to the manner in which the vehicle was being operated, accepted a ride with defendant driver knowing that he had been drinking intoxicants and could be under the influence of alcohol, and encouraged defendant driver to drink alcoholic beverages on the night of the accident.

Prior to and during the trial the parties stipulated that plaintiff's intestate died as a result of the accident, that blood alcohol tests administered after the accident showed the blood of intestate to be negative for alcohol and the blood content of defendant driver to be .17, and that defendant driver pleaded guilty to charges of death by vehicle and driving under the influence of intoxicants stemming from the accident.

At trial State Highway Trooper Gregory testified that he had been a trooper for twelve years and investigates approximately 150 accidents per year; that he arrived at the scene of the accident in question soon after it occurred and observed a pickup truck overturned on the side of road; that the truck had left skidmarks 397 feet long, consisting of 260 feet on the paved portion of the road and 137 feet on the ground adjacent to the road, indicating that the truck slid in a sideways manner; that a tree with a 12-inch trunk had been uprooted and was mashed in and around the smashed vehicle; that in his opinion, based on the physical evidence observed at the scene, the truck was traveling 70 to 80 m.p.h. when it left the road; that the road was narrow and the posted speed limit was 55 m.p.h.; that the occupants of the vehicle had been taken to the hospital when he arrived at the scene and plaintiff's intestate was pronounced dead upon arrival at the hospital; that defendant driver survived the accident and he talked with said defendant at the hospital; at that time it was readily apparent that defendant driver had been drinking because his speech was unclear and

there was an odor of alcohol about his person; that defendant driver stated that he had taken a couple of drinks earlier that night and had simply run off the road, started sliding and turned over.

Plaintiff presented other evidence which is not pertinent to the questions raised on this appeal. Defendant driver testified and presented other evidence, none of which is pertinent to the questions raised on this appeal.

Issues were submitted to and answered by the jury as follows:

"(1) Was the death of Plaintiff's intestate caused by willful or wanton conduct on the part of the Defendants as alleged in the Complaint?

Answer: Yes

(2) Was Plaintiff's intestate killed by the negligence of Defendants as alleged in the Complaint?

Answer: Yes

(3) If so, did Plaintiff's intestate, contribute by his own negligence to his death, as alleged in the Answer?

Answer: _____

(4) What amount, if any, is the plaintiff entitled to recover for the wrongful death of Philip Randall Johnson?

Answer: $25,000.00."

From judgment entered on the verdict, defendants appealed, assigning errors.

*Brock and Foy, by Donald P. Brock, for plaintiff appellee.*

*Jeffress, Hodges, Morris & Rochelle, P.A., by Thomas H. Morris, for defendant appellants.*

BRITT, Judge.

[1] Defendants assign as error the admission of testimony by Trooper Gregory that in his opinion the speed of the vehicle in question immediately before the accident was "from 70 to 80" m.p.h., this opinion being based on physical evidence found at the scene following the accident. The assignment is sustained.

The rule applicable in the present case is well stated in 1 Stansbury, N. C. Evidence § 131 (Brandis Rev. 1973) thusly: "The opinion of a witness, whether lay or expert, will not be received when he did not observe the critical events, but bases his testimony on the appearances at the scene which he later observed and can adequately describe to the jury."

The leading case in this area of the law and the one most factually in point with the instant case is *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828 (1946). In that personal injury case, a State highway patrolman was allowed to give his opinion as to the speed of defendant's car based on the tire marks and conditions observed by him at the scene of the accident. The Supreme Court in granting a new trial for the defendant stated that:

". . . [O]ne who did not see a vehicle in motion will not be permitted to give an opinion as to its speed. The 'opinion' must be a fact observed. The witness must speak of facts within his knowledge. He cannot, under the guise of an opinion, give his deductive conclusion from what he saw and knew. . . ."

For other cases adhering to the stated principle see *Shaw v. Sylvester,* 253 N.C. 176, 116 S.E. 2d 351 (1960); *Carruthers v. R.R.,* 232 N.C. 183, 59 S.E. 2d 782 (1950); *Webb v. Hutchins,* 228 N.C. 1, 44 S.E. 2d 350 (1947); *State v. Roberson,* 240 N.C. 745, 83 S.E. 2d 798 (1954).

Plaintiff now concedes that the trial court erred in admitting the testimony but argues that the error was harmless and not sufficiently prejudicial to require a new trial. A careful review of controlling authorities impels us to reject plaintiff's argument.

In *Tyndall v. Hines Co., supra,* pp. 623-24, the Supreme Court said:

"On this record the admission of this evidence, in our opinion, was prejudicial to the defendants. The witness was a State employee whose duty it was to make a disinterested and impartial investigation of the accident. In so doing he was a representative of the State. His testimony should, and no doubt did, carry great weight with the jury.

"His testimony was material to the issue being tried. Excessive and unlawful speed is paramounted in the com-

plaint, in the testimony, and in the charge of the court as one of the primary acts of negligence relied on by plaintiff. The manner of operation of the truck, due to its speed, was reckless and unlawful; the excessive speed caused the driver to lose control. . . . This was the theory of the trial. So then any evidence tending to prove an unlawful rate of speed had a direct bearing on the cause of action plaintiff was seeking to establish.

"Furthermore, in its charge to the jury, the court made special reference to the testimony of this witness, to his official position and to the statement that the car was traveling from 50 to 60 m.p.h."

We are unable to distinguish *Tyndall* from the case at bar, therefore, we hold that the error complained of was sufficiently prejudicial to entitle defendants to a new trial.

Defendants assign as error the submission to the jury the issue with respect to willful and wanton negligence. We find no merit in this assignment.

[2] Where the death of a plaintiff's intestate is the result of willful and wanton conduct on the part of the defendant, the intestate's contributory negligence will not bar recovery. And where the plaintiff alleges and offers evidence tending to show that willful and wanton conduct on the part of the defendant proximately caused the intestate's death, it is error for the trial court to refuse to submit plaintiff's tendered issue as to the willful and wanton negligence of the defendant. *Pearce v. Barham,* 271 N.C. 285, 156 S.E. 2d 290 (1967); *Brewer v. Harris,* 279 N.C. 288, 182 S.E. 2d 345 (1971), aff'g 10 N.C. App. 515, 179 S.E. 2d 160 (1971).

[3] We hold that the allegations in the complaint and the evidence presented at the trial in the case at bar required the trial judge to submit plaintiff's tendered issue as to the willful and wanton negligence of defendants. Since a new trial is being ordered for the reasons set forth above, the question then arises would plaintiff be entitled to have the issue submitted in the absence of opinion testimony as to the speed of the vehicle. We answer that question in the affirmative.

While evidence of willful and wanton conduct in the instant case is not as strong as that presented in *Pearce* and *Brewer,* we think it was sufficient to warrant a submission of

the issue even without the opinion testimony as to speed. Plaintiff's evidence tended to show that defendant driver, after drinking a quantity of intoxicants sufficient to cause his blood content of alcohol to be .17, operated the pickup truck in which intestate was riding as a passenger over a narrow rural paved road, in the nighttime, at a speed so great that when said driver lost control of the vehicle it slid on the paved portion of the road 260 feet, then slid on the ground adjoining the road 137 feet, and then struck a tree with a 12-inch trunk with such force that the tree was uprooted and mashed into and around the vehicle. Opinion testimony by the investigating trooper was not necessary for the jury to draw its own conclusion that the vehicle was being driven greatly in excess of the posted speed limit of 55 m.p.h.

We find it unnecessary to discuss the other assignments of error brought forward and argued in defendants' brief.

For the reasons stated above, defendants are awarded a

New trial.

Judges VAUGHN and MARTIN concur.