JOYCE McCURRY SHORT, BY HER GUARDIAN AD LITEM, RONNIE SHORT, PLAINTIFF v. RODNEY ERROL SHORT, DEFENDANT

---

WARREN McCURRY BY HIS GUARDIAN AD LITEM, HAZEL McCURRY, PLAINTIFF v. RODNEY ERROL SHORT, DEFENDANT

No. 7729SC475

(Filed 2 May 1978)

**Automobiles § 46— officer's opinion as to speed—opinion not based on observation of vehicle—testimony inadmissible**

        In an action to recover damages for injuries sustained by plaintiff pedestrians when they were struck by defendant's vehicle, the trial court

erred in allowing the officer who investigated the accident to express his opinion as to the speed of defendant's vehicle, since the officer did not see the vehicle in operation but based his opinion on defendant's statement and his own observations of the scene of the accident.

APPEAL by plaintiffs from *Martin (Harry), Judge.* Judgment entered 17 January 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 8 March 1978.

Plaintiffs instituted separate actions to recover for injuries sustained in a one-car, two-pedestrian accident. Defendant driver answered, denying negligence. At the trial, plaintiffs' evidence tended to show that: plaintiff Short began crossing a two-lane highway from west to east with plaintiff McCurry in her arms; defendant approached from the north in his car; there is a crest of a hill and curve in the roadway about 200 or 300 feet north of the accident scene; plaintiffs got to the center of the highway and then turned to cross back to the west side; and defendant's car struck plaintiffs near the western edge of the road.

One Ronnie Short observed the accident and testified that in his opinion, defendant's car was traveling 60 to 65 miles per hour, but that the speed "could have been 55 miles an hour." Defendant testified that: he was traveling 55 miles per hour; he saw someone in the road ahead and came off the accelerator; he did not brake because he assumed that the person could cross the road ahead of him; the person got two-thirds of the way across the road and then turned, coming back in front of him; and he braked and skidded, but could not avoid hitting plaintiffs. The investigating patrolman testified for defendant. The jury found no negligence on defendant's part. Plaintiffs appealed.

*Hamrick & Hamrick, by J. Nat Hamrick, for plaintiff appellants.*

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by Howard L. Gum, for defendant appellee.*

ERWIN, Judge.

The dispositive assignment of error in this case is that the trial court erred in allowing the investigating officer, who arrived at the scene sometime after the accident occurred, to testify as follows:

Short v. Short and McCurry v. Short

"Q. Based on his (defendant's) statement to you and your own observations there at the scene, did you have any reason to believe he (defendant) was going over 55?

MR. HAMRICK: Objection.

THE COURT: Overruled.

MR. HAMRICK: Exception.

A. No sir.

Q. You accepted his statement as to his speed there?

A. It seemed reasonable to me.

MR. HAMRICK: Objection and move to strike.

THE COURT: Overruled and denied."

We hold the admission of this evidence to be prejudicial error.

The above-quoted testimony clearly amounted to an expression of opinion by the officer as to the speed of defendant's vehicle when he did not see the vehicle in operation. The applicable rule is well stated in 1 Stansbury, N.C. Evidence § 131 (Brandis Rev. 1973): "The opinion of a witness, whether lay or expert, will not be received when he did not observe the critical events, but bases his testimony on the appearances at the scene which he later observed and can adequately describe to the jury." Our Supreme Court stated in *Tyndall v. Hines Co.*, 226 N.C. 620, 623, 39 S.E. 2d 828, 830 (1946):

"... one who did not see a vehicle in motion will not be permitted to give an opinion as to its speed. The 'opinion' must be a fact observed. The witness must speak of facts within his knowledge. He cannot, under the guise of an opinion, give his deductive conclusion from what he saw and knew ..."

*See also Johnson v. Yates*, 31 N.C. App. 358, 229 S.E. 2d 309 (1976).

In finding this error to be prejudicial, we follow the reasoning of our Supreme Court in *Tyndall v. Hines Co., supra*, at 623, a case which also involved the testimony of a highway patrolman who did not observe the accident:

"On this record the admission of this evidence, in our opinion, was prejudicial to the defendants. The witness was a State employee whose duty it was to make a disinterested and impartial investigation of the accident. In so doing he was a representative of the State. His testimony should, and no doubt did, carry great weight with the jury."

Accordingly, plaintiffs are awarded a

New trial.

Judges BRITT and CLARK concur.