LENA L. COLEY, ADMINISTRATRIX OF THE ESTATE OF ALBERT LEE COLEY v. PRESTON FRANKLIN GARRIS AND DOROTHY GARRIS WHITEHURST

No. 878SC353

(Filed 3 November 1987)

1. **Automobiles and Other Vehicles § 46— opinion testimony as to speed—physical evidence and statements of others as basis**

    The trial court erred in permitting an officer to state his opinion that the speed of plaintiff's motorcycle was 75 miles per hour based on physical evidence at the accident scene and statements of persons who had witnessed the accident. Furthermore, such error was prejudicial where defendants' theory of plaintiff's contributory negligence was that plaintiff operated the motorcycle at an excessive and unlawful speed which deprived him of proper control and the ability to avoid the collision, and the jury found that plaintiff was contributorily negligent.

2. **Appeal and Error § 24— objection to question—motion to strike answer not required**

    Where plaintiff entered a timely objection to a question eliciting an opinion as to the speed of plaintiff's motorcycle, a further motion to strike the answer of the witness was not required in order to assign error to the admission of the opinion testimony.

APPEAL by plaintiff from *Wright, Judge.* Judgment entered 26 November 1986 in Superior Court, WAYNE County. Heard in the Court of Appeals 22 October 1987.

Plaintiff brought this action to recover damages for the wrongful death of Albert Lee Coley, who died on 10 September 1981 as a result of injuries sustained when his motorcycle collided

with an automobile driven by defendant Garris and owned by defendant Whitehurst. Evidence at trial tended to show that Coley was operating his motorcycle south on Rural Paved Road 1709 in the vicinity of Eastern Wayne Junior High School in Wayne County. Defendant Garris was attempting to enter the highway from the driveway of a country store across from the school. The speed limit at the time and place of the collision was 45 miles per hour. The plaintiff offered evidence tending to show that as Coley approached the driveway, Garris pulled the front part of the car out into Coley's lane of travel. Coley lost control of the motorcycle and slid sideways down the highway, striking the front of Garris' car. According to the testimony of Bobby Bill Body, an eyewitness, the collision occurred in Coley's lane of travel. In Body's opinion, Coley was travelling about 45 miles per hour.

The defendants' evidence tended to show that as Garris attempted to enter the highway, he pulled up to the edge of the road, stopped, and saw a car approaching from his right. After the car had passed, Garris looked to his left and saw Coley and the motorcycle sliding toward him, out of control. Jack Newsome, also an eyewitness to the collision, testified that, in his opinion, the motorcycle was travelling between 45 and 50 miles per hour. He also testified that Garris' automobile had not entered the roadway at the time of the collision.

The accident was investigated by Trooper J. D. Booth of the North Carolina Highway Patrol, who testified that when he arrived at the scene, all four tires of Garris' automobile were in the driveway and only a portion of the car's right front corner extended into the roadway. Over plaintiff's objection, Trooper Booth was permitted to state his opinion that the speed of Coley's motorcycle had been approximately 75 miles per hour. His opinion was based upon his observation of gouge marks, scuff marks and other physical evidence at the scene, as well as statements of persons who had witnessed the collision.

The jury determined that Garris had been negligent and that Coley had been contributorily negligent. The trial court entered judgment upon the verdict and dismissed the action. Plaintiff appeals.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Wright T. Dixon, Jr., for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Susan K. Burkhart, for defendants appellees.*

MARTIN, Judge.

[1] By her first assignment of error, plaintiff contends that Trooper Booth's opinion as to the speed of Coley's motorcycle should have been excluded because it was not based upon his personal observation of the events in question. We agree.

It has long been the rule in North Carolina that "one who did not see a vehicle in motion will not be permitted to give an opinion as to its speed." *Tyndall v. Hines Co.*, 226 N.C. 620, 623, 39 S.E. 2d 828, 830 (1946).

> A witness who investigates but does not see a wreck may describe to the jury the signs, marks, and conditions he found at the scene, including damage to the vehicle involved. From these, however, he cannot give an opinion as to its speed. The jury is just as well qualified as the witness to determine what inferences the facts will permit or require.

*Shaw v. Sylvester*, 253 N.C. 176, 180, 116 S.E. 2d 351, 355 (1960). *Accord Johnson v. Yates*, 31 N.C. App. 358, 229 S.E. 2d 309 (1976). The foregoing rule has not been changed by the adoption of G.S. 8C-1, Rule 702. *Hicks v. Reavis*, 78 N.C. App. 315, 337 S.E. 2d 121 (1985), *cert. denied*, 316 N.C. 553, 344 S.E. 2d 7 (1986). *See, however*, 1 H. Brandis on North Carolina Evidence, § 131, n. 78 (1986 Cum. Supp.).

[2] Defendants concede that Trooper Booth's testimony was inadmissible, but argue that the error does not entitle plaintiff to a new trial for two reasons. First, defendants contend that plaintiff failed to preserve her objection to the improper testimony because she did not move to strike it. We disagree. G.S. 8C-1, Rule 103(a)(1) requires "a timely objection *or* motion to strike . . ." in order to assign error to a ruling admitting evidence. (Emphasis added.) "No particular form is required in order to preserve the right to assert the alleged error upon appeal if the motion or ob-

jection clearly presented the alleged error to the trial court." *Id.* In the present case, plaintiff entered a timely objection to the question eliciting Trooper Booth's opinion as to the speed of the motorcycle; a further motion to strike his answer was not required.

[1] Next, defendants argue that the erroneous admission of the testimony was not prejudicial to the plaintiff's case and does not require that she be granted a new trial. We also reject this argument. A review of the transcript reveals that defendants' theory of Coley's contributory negligence was based, in large part, on their contention that he had operated the motorcycle at an excessive and unlawful speed, depriving him of proper control and the ability to avoid the collision. The two eyewitnesses to the collision testified that the motorcycle was travelling at, or slightly in excess of, the speed limit. Trooper Booth's testimony placing the speed of the motorcycle at 75 miles per hour was, without question, material to the defense which defendants sought to establish. Moreover, Trooper Booth "was a State employee whose duty it was to make a disinterested and impartial investigation of the accident. In so doing he was a representative of the State. His testimony should, and no doubt did, carry great weight with the jury." *Tyndall, supra,* at 623, 39 S.E. 2d at 830.

In view of our disposition of plaintiff's first assignment of error, we find it unnecessary to discuss the other assignments of error brought forward in her brief. For the reasons stated, she is entitled to a new trial.

New trial.

Judges EAGLES and PARKER concur.