ANNA B. STRICKLAND, INDIVIDUALLY, AND ANNA B. STRICKLAND, AS GUARDIAN OF THE PERSON OF ANNA EUGENIA STRICKLAND, AN INCOMPETENT PERSON, PLAINTIFFS-APPELLANTS v. JOHN DOE, AN UNKNOWN DRIVER, DEFENDANT-APPELLEE

No. COA02-399

(Filed 4 March 2003)

**Civil Procedure; Evidence— summary judgment—supplemental discovery—letter by plaintiff's attorney—unavailable witness—residual hearsay exception—officer's affidavit**

The trial court did not err in a pedestrian's negligence action arising out of a hit and run accident by granting summary judgment in favor of unnamed defendant uninsured motorist carriers based on plaintiffs' failure to show they can offer competent evidence of how the accident occurred, because: (1) the pedestrian had no recollection of the accident or the events immediately preceding the accident; (2) supplemental discovery in the form of a letter by plaintiffs' attorney containing an unsigned summary of a report by a private investigator as to what the investigator was told by an alleged eyewitness was hearsay and not the type of evidence that may be relied on by the trial court in deciding a motion for summary judgment; (3) the statement of the private investigator was not admissible under the residual exceptions to the hearsay rule set forth in N.C.G.S. § 8C-1, Rules 804(b)(5) and 803 (24) because plaintiffs failed to make a showing that the eyewitness was unavailable other than by conclusory statement by their attorney and failed to offer evidence that the statement possessed circumstantial guarantees of trustworthiness; and (4) any facts or statements in an officer's affidavit dealing with any aspect of accident reconstruction would not be entitled to consideration by the trial court on a motion for summary judgment as they would be inadmissible at trial when the officer was never tendered as an expert.

Appeal by plaintiffs from order entered 14 January 2002 by Judge Gary E. Trawick in Superior Court, New Hanover County. Heard in the Court of Appeals 13 November 2002.

*Mako & Robinson, P.A., by Bruce H. Robinson, Jr., for plaintiffs-appellant.*

[156 N.C. App. 292 (2003)]

*Marshall, Williams, & Gorham, L.L.P., by William Robert Cherry, Jr., for defendant-appellee State Farm Mutual Automobile Insurance Company.*

*Johnson & Lambeth, by Maynard M. Brown, for defendant-appellee Nationwide Mutual Insurance Company.*

McGEE, Judge.

Anna Eugenia Strickland (Anna) was struck by a vehicle operated by an unknown driver (defendant) on Maple Avenue in Wilmington, North Carolina at approximately 2:14 a.m. on 28 October 1997. Anna was walking across Maple Avenue after leaving a nearby bar. Anna has no recollection of the accident or events immediately preceding the accident. Defendant left the scene of the accident and has never been identified.

Plaintiffs filed a complaint against defendant on 11 September 2000 alleging defendant was negligent in striking Anna with defendant's vehicle. Plaintiffs allege that defendant's vehicle struck Anna approximately 60 feet from the intersection of Maple Avenue and South Kerr Avenue and dragged Anna under the vehicle for approximately 53 feet. State Farm Mutual Automobile Insurance Company (State Farm) and Nationwide Mutual Insurance Company (Nationwide), the alleged uninsured motorist insurers, filed answers alleging that Anna was contributorily negligent. State Farm filed an amended answer dated 18 October 2000, alleging additional contributory negligence defenses. Plaintiffs filed a reply on 14 November 2000 alleging last clear chance. State Farm and Nationwide filed motions for summary judgment on 17 December 2001 and 19 December 2001 respectively.

In support of their claim, plaintiffs submitted a letter from their attorney to the attorneys for State Farm and Nationwide which contained an unsigned summary of a private investigator who interviewed Travis Kelly (Kelly), a young man who was with Anna at the time of the accident. Kelly was not deposed, nor did he submit an affidavit stating what he observed at the time of the accident. The letter summarizing a report by the private investigator of what Kelly told the investigator about the accident during an interview was submitted as supplemental discovery. According to that letter, Kelly told the investigator that after the vehicle struck Anna, it continued down Maple Avenue with its brake lights jerking on and off, and then turned into a carwash driveway. In the letter, the investigator's summary said

Kelly estimated that the vehicle was traveling 20 to 25 miles per hour and that Kelly told the investigator the car accelerated just before impact.

Plaintiffs also submitted an affidavit and police report of the officer who arrived at the scene of the accident shortly after it occurred. The investigating officer, Paul L. Nevitt (Officer Nevitt), stated in an affidavit that Anna was struck by an unknown motor vehicle while she was in the middle of Maple Avenue, approximately 60 feet from an intersection; that the unknown vehicle was straddling the center line; that there were no skid marks prior to impact; that Anna was dragged by the unknown vehicle approximately 53 feet; and that the weather was clear and the road was dry at the time of the accident. Officer Nevitt also attached a copy of the incident report to his affidavit.

Following a hearing, the trial court granted summary judgment to State Farm and Nationwide on 14 January 2002. Plaintiffs appeal from the order.

Plaintiffs' sole assignment of error is that the trial court erred in granting State Farm's and Nationwide's motions for summary judgment because there are genuine issues of material fact. In order to survive a defendant's motion for summary judgment in a negligence action, a plaintiff must set forth a prima facie case

(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances.

*Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996). (citations omitted). While summary judgment is normally not appropriate in negligence actions, where the forecast of evidence shows that a plaintiff cannot establish one of these required elements, summary judgment is appropriate. *Patterson v. Pierce*, 115 N.C. App. 142, 143, 443 S.E.2d 770, 771, *disc. review denied*, 337 N.C. 803, 449 S.E.2d 749 (1994) (citing *Roumillat v. Simplistic Enters.*, 331 N.C. 57, 414 S.E.2d 339 (1992); *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983)).

A party may not withstand a motion for summary judgment by simply relying on its pleadings; the non-moving party must set forth

specific facts by affidavits or as otherwise provided by N.C. Gen. Stat. § 1A-1, Rule 56(e), showing that there is a genuine issue of material fact for trial. *G & S Business Services v. Fast Fare, Inc.*, 94 N.C. App. 483, 486, 380 S.E.2d 792, 794, *appeal dismissed and disc. review denied*, 325 N.C. 546, 385 S.E.2d 497 (1989). The other methods for setting forth specific facts under Rule 56 are through depositions, answers to interrogatories, admissions on file, documentary materials, further affidavits, or oral testimony in some circumstances. *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971) (citations omitted). "If [a party] does not so respond, summary judgment, if appropriate, shall be entered against him." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2001).

Affidavits submitted must meet the requirements of N.C.G.S. § 1A-1, Rule 56(e):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

"The converse of this requirement is that affidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered when passing on the motion for summary judgment." *Borden, Inc. v. Brower*, 17 N.C. App. 249, 253, 193 S.E.2d 751, 753, *rev'd on other grounds by*, 284 N.C. 54, 199 S.E.2d 414 (1973).

Our Court recently applied this rule to an affidavit submitted in support of a motion for summary judgment in *Williamson v. Bullington*, stating:

> If an affidavit contains hearsay matters or statements not based on an affiant's personal knowledge, the court should not consider those portions of the affidavit. *See Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 499 S.E.2d 772 (1998). Similarly, if an affidavit sets forth facts that would be inadmissible in evidence . . ., such portions should be struck by the trial court. See *Borden, Inc. v. Brower*, 284 N.C. 54, 199 S.E.2d 414 (1973).

> Portions of each of plaintiff's affidavits were properly stricken as inadmissible hearsay, irrelevant, or violative of the parole evidence rule. The portions that would remain after strik-

ing the improper statements provide no support to plaintiff's motion for summary judgment.

139 N.C. App. 571, 578, 534 S.E.2d 254, 258 (2000), *aff'd by an equally divided court*, 353 N.C. 363, 544 S.E.2d 221 (2001); *see also Singleton*, 280 N.C. at 467, 186 S.E.2d at 405 (holding that portions of the submitted affidavit could not be considered for the purpose of ruling on a motion for summary judgment when those portions were not made on the affiant's personal knowledge); *Patterson v. Reid*, 10 N.C. App. 22, 29, 178 S.E.2d 1, 6 (1970) (statements in a party's affidavits based on hearsay should not be considered in determining a motion for summary judgment). In addition, our Court has also held that an affiant's legal conclusions, as opposed to facts "as would be admissible in evidence," are not to be considered by the trial court on a motion for summary judgment. *Singleton*, 280 N.C. at 467, 186 S.E.2d at 405.

The information before the trial court in this case consisted of the parties' pleadings, the deposition of Anna, plaintiffs' answers to interrogatories, the affidavit of Officer Nevitt and the attached incident report, and a letter from plaintiffs' attorney containing an unsigned summary of a private investigator which related what the investigator was told by Kelly. Plaintiffs' answers to interrogatories and Anna's deposition show that Anna has no recollection of the accident.

The supplemental discovery, in the form of a letter by plaintiffs' attorney containing an unsigned summary of a report by a private investigator as to what the investigator was told by Kelly, is not the type of evidence that may be relied on by the trial court in deciding a motion for summary judgment. As stated above, parties are required to set forth facts in affidavits or "as otherwise provided." The form of this supplemental discovery does not meet the requirements of Rule 56 as discussed above, and therefore should not have been considered by the trial court. *See Singleton*, 280 N.C. at 464, 186 S.E.2d at 403; *Kessing*, 278 N.C. at 533, 180 S.E.2d at 829; *G & S Business Services*, 94 N.C. App. at 486, 380 S.E.2d at 794. We recognize that in limited cases, our Court has also allowed the trial court to consider avenues outside the previously cited methods of proof. Oral testimony at a hearing on a motion for summary judgment may be offered; however, the trial court is only to rely on such testimony in a supplementary capacity, to provide a "small link" of required evidence, but not as the main evidentiary body of the hearing. *Insurance Co. v. Chantos*, 21 N.C. App. 129, 132, 203 S.E.2d 421, 424 (1974) (citing N.C.

Gen. Stat. § 1A-1, Rule 43(e); 6 Moore's Federal Practice 2042 (2d ed.). The trial court may also consider arguments of counsel as long as the arguments are not considered as facts or evidence. *Gebb v. Gebb*, 67 N.C. App. 104, 107, 312 S.E.2d 691, 694 (1984); *see also Huss v. Huss*, 31 N.C. App. 463, 466, 230 S.E.2d 159, 161 (1976) ("Information adduced from counsel during oral arguments cannot be used to support a motion for summary judgment under Rule 56(c)."). However, supplemental discovery, as submitted by plaintiffs, has not been recognized as an accepted method of proof in determining a motion for summary judgment and we decline to do so in this case.

The second problem with the supplemental discovery submitted by plaintiffs, specifically the portion of the letter summarizing the report of the private investigator as to what he was told by Kelly, is that it constitutes inadmissible hearsay and would not satisfy the requirements for admissibility as required under Rule 56. *See Williamson*, 139 N.C. App. at 578, 534 S.E.2d at 258; *Patterson*, 10 N.C. App. at 29, 178 S.E.2d at 6. Plaintiffs argue that the statement of the private investigator falls within an exception to the hearsay rule because Kelly is an unavailable witness. *See* N.C. Gen. Stat. § 8C-1, Rule 804(b)(5) (2001). However, plaintiffs have made no showing that Kelly is unavailable. Plaintiffs' attorney's single statement that, "Unfortunately, we are unable to locate James Travis Kelly. If you know where he is, I would appreciate your letting us know[,]" does not satisfy this burden.

> The degree of detail required in the finding of unavailability will depend on the circumstances of the particular case. For example, in the present case, the declarant is dead. The trial judge's determination of unavailability in such cases must be supported by a finding that the declarant is dead, which finding in turn must be supported by evidence of death. Situations involving out-of-state or ill declarants or declarants invoking their fifth amendment right against self-incrimination may require a greater degree of detail in the findings of fact.

*State v. Triplett*, 316 N.C. 1, 8, 340 S.E.2d 736, 740-41 (1986) (citations omitted).

Plaintiffs admit in their reply brief that they had not made a sufficient showing at the hearing on the motion for summary judgment as to Kelly's unavailability. However, plaintiffs argue that they should

not be required to do so at the summary judgment stage of proceedings. While we agree that plaintiffs are not required to establish beyond doubt that declarant is unavailable at the summary judgment stage of the proceedings, plaintiffs must at least put forth some evidence of declarant's unavailability. In the case before us, plaintiffs have simply made a conclusory statement that Kelly is unavailable, without any showing of what plaintiffs did in an effort to locate Kelly.

We do not believe that plaintiffs should be allowed to circumvent the rules of evidence without any evidence of unavailability. We agree with the analysis engaged in by other jurisdictions that have found an inquiry into the availability of a declarant for Rule 404(b) purposes to be appropriate at the summary judgement stage, and that have refused to consider hearsay statements where no evidence of a declarant's unavailability has been presented at that stage. *See Ellis v. Jamerson*, 174 F. Supp. 2d 747, 753 (E.D. Tenn. 2001) (holding that where no evidence of unavailability was presented at the summary judgment stage, hearsay statements could not be considered pursuant to 804(b)(3)); *Overton v. City of Harvey*, 29 F. Supp. 2d 894, 904 (N.D. Ill. 1998) (refusing to consider hearsay statements by a declarant under Rule 804 where no showing as to unavailability of the declarant was made at summary judgment); *Biggers ex rel. Key v. Southern Ry. Co.*, 820 F. Supp. 1409, 1415 (N.D. Ga. 1993) (refusing to consider hearsay statements by a declarant under Rule 804(b)(1) where at summary judgment no evidence had been produced as to declarant's unavailability). Therefore, we hold that plaintiffs must make at least a minimum showing of a declarant's unavailability at summary judgment before a statement can be considered by the trial court pursuant to N.C.G.S. § 8C-1, Rule 804(b)(5).

Plaintiffs also argue that the supplemental discovery should be considered under N.C. Gen. Stat. § 8C-1, Rule 803(24). This exception is almost identical to the exception in N.C.G.S. § 8C-1, Rule 804(b)(5), except that a party may invoke N.C.G.S. § 8C-1, Rule 803(24) even if the declarant is available. *Triplett*, 316 N.C. at 7, 340 S.E.2d at 740. While our inquiry under N.C.G.S. § 8C-1, Rule 804(b)(5) ended when there was no evidence of the declarant's unavailability, under N.C.G.S. § 8C-1, Rule 803(24) we must engage in the six-part inquiry set forth by our Supreme Court in *State v. Smith*, 315 N.C. 76, 92-97, 337 S.E.2d 833, 844-47 (1985). In order to meet the residual hearsay exception found in N.C.G.S. § 8C-1, Rule 803(24), this six-part inquiry must be satisfied. *Smith* at 92-97, 337 S.E.2d at 844-47.

[F]irst, that proper notice was given of the intent to offer hearsay evidence under, Rules 803(24) or 804(b)(5); second, that the hearsay evidence is not specifically covered by any of the other hearsay exceptions; third, that the hearsay evidence possesses certain circumstantial guarantees of trustworthiness; fourth, that the evidence is material to the case at bar; fifth, that the evidence is more probative on an issue than any other evidence procurable through reasonable efforts; and sixth, that admission of the evidence will best serve the interests of justice.

*State v. Agubata*, 92 N.C. App. 651, 656, 375 S.E.2d 702, 705 (1989) (setting forth the six-part *Smith* inquiry, 315 N.C. at 92-97, 337 S.E.2d at 844-47). As in the case of the unavailability of a declarant at the summary judgment stage, while a party need not establish beyond doubt that the six-prong test is satisfied, a party must at least put forth some evidence that these six requirements will be met. Otherwise, the requirement under N.C.G.S. § 1A-1, Rule 56(e), that statements not based on personal knowledge or not admissible into evidence shall not be considered by the trial court in ruling on a motion for summary judgment, could be circumvented with minimal effort. In fact, the residual hearsay exception in N.C.G.S. § 8C-1, Rule 803(24) is disfavored and should be invoked "very rarely and only in exceptional circumstances." *Smith*, 315 N.C. at 91 n.4, 337 S.E.2d at 844 n.4 (citations omitted). In addition, any evidence proffered under this exception "must be carefully scrutinized." *Id.* at 92, 337 S.E.2d at 844. Although N.C.G.S. § 8C-1, Rule 803(24) is an exception to the hearsay rule where availability of the witness is immaterial, "[t]he availability of a witness to testify at trial is a crucial consideration under [both of] the residual hearsay exception[s]" found at N.C.G.S. § 8C-1, Rules 803(24) and 804(b)(5). *State v. Fearing*, 315 N.C. 167, 171, 337 S.E.2d 551, 554 (1985). As stated above, plaintiffs have offered no evidence of declarant's unavailability. Further, plaintiffs have offered no evidence that the proffered statement possesses "certain circumstantial guarantees of trustworthiness" that would justify its admission. *Agubata*, 92 N.C. App. at 656, 375 S.E.2d at 705.

We therefore hold that the supplemental discovery containing statements by a private investigator of what Kelly told him about the incident does not meet the requirements of Rule 56(e) and thus could not properly be considered by the trial court in determining the motions for summary judgment by State Farm and Nationwide.

Plaintiffs also offered the affidavit of Officer Nevitt in opposition to State Farm's and Nationwide's motions for summary judgment.

Plaintiffs neither tendered Officer Nevitt as an expert in accident reconstruction nor contended he was such an expert. Our Court has consistently held that a non-expert may not testify as to the speed of a vehicle involved in an accident if that individual did not actually witness the accident. *Coley v. Garris*, 87 N.C. App. 493, 495, 361 S.E.2d 427, 428 (1987), *disc. review denied*, 321 N.C. 742, 366 S.E.2d 859 (1988); *Hicks v. Reavis*, 78 N.C. App. 315, 323, 337 S.E.2d 121, 126 (1985), *cert. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Short v. Short*, 36 N.C. App. 260, 262, 243 S.E.2d 432, 433-34 (1978). Further, while an expert in accident reconstruction may in some situations be able to testify as to the circumstances of an accident from examination of the evidence, *State v. Holland*, 150 N.C. App. 457, 463, 566 S.E.2d 90, 94 (2002), plaintiffs never contended that Officer Nevitt was such an expert, nor was Officer Nevitt ever tendered as an expert. Therefore, as a non-expert witness, any facts or statements in Officer Nevitt's affidavit dealing with any aspect of accident reconstruction would not be entitled to consideration by the trial court on a motion for summary judgment as they would be inadmissable at trial. *See Borden, Inc.*, 284 N.C. at 59, 199 S.E.2d at 418. Further, the trial court could not consider any statements in the affidavit attempting to draw conclusions instead of stating facts otherwise admissible. *Singleton*, 280 N.C. at 467, 186 S.E.2d at 405. As a result, the second misnumbered statement (3), statement (4), and statement (5) in Officer Nevitt's affidavit concerning the circumstances of the accident could not be considered by the trial court. Plaintiffs acknowledge that they know of no person who has personal knowledge of the events in question.

Considering answers to interrogatories and admissible statements in Anna's deposition and in Officer Nevitt's affidavit, and construing these in the light most favorable to plaintiffs, we find plaintiffs have failed to show that they can offer competent evidence of how the accident occurred, and therefore cannot make a prima facie case of negligence against defendant. We affirm the trial court's grant of summary judgment to uninsured motorist carriers State Farm and Nationwide.

Affirmed.

Chief Judge EAGLES and Judge HUDSON concur.