An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-849

NORTH CAROLINA COURT OF APPEALS

Filed: 6 January 2015


MYRA B. RUTLAND,
        Plaintiff-Appellant,

        v.                              Guilford County
                                        No. 13 CVS 7526
JAMES SMITH and NANCY SMITH,
        Defendants-Appellees.


Appeal by Plaintiff from order entered 14 April 2014 by Judge V. Bradford Long in Superior Court, Guilford County. Heard in the Court of Appeals 3 December 2014.

> *Barron & Berry, L.L.P., by Frederick L. Berry, for Plaintiff-Appellant.*
>
> *Gregory A. Wendling for Defendants-Appellees.*


McGEE, Chief Judge.


Myra B. Rutland ("Plaintiff") appeals from an order of the trial court granting summary judgment in favor of James and Nancy Smith ("Defendants"). Defendants' dog, a German Shepherd sheepdog mix ("Lacy"), allegedly bit Plaintiff on her leg, causing Plaintiff serious injury. Plaintiff has forecast

insufficient evidence to support her claim. Therefore, we affirm.

Plaintiff visited Defendants' home on 16 January 2012, in an attempt to sell Defendants supplemental health insurance. Plaintiff parked in Defendants' driveway, in front of a carport to which Lacy was chained. Plaintiff exited her vehicle, and reportedly was approached by Lacy. Plaintiff let Lacy sniff her hand, and then Plaintiff turned to approach Defendants' house, at which point, allegedly, Lacy attacked her.

During deposition, Defendants speculated that Lacy could "be a problem" around strangers and generally advised people who were not familiar with Lacy to avoid parking in their driveway. However, Defendants testified that this stemmed from a general belief that dogs could be territorial, but Defendants also stated that they had never actually seen Lacy act aggressively toward anyone. At most, Lacy would bark sometimes if Defendants were not home. Plaintiff presented no further evidence suggesting Lacy was a vicious animal.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. §

1A-1, Rule 56(c) (2013). While summary judgment is normally disfavored in negligence actions, where the forecast of evidence shows that a plaintiff cannot establish an essential element of her claim, summary judgment is appropriate. *Strickland v. Doe*, 156 N.C. App. 292, 294, 577 S.E.2d 124, 128 (2003) (citations omitted).

Although the present case is a negligence action, to recover for injuries inflicted by a domesticated animal, a

> plaintiff must allege and prove: (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; and (2) that the *owner* or *keeper* knew or should have known of the animal's vicious propensity, character, and habits. The gravamen of the cause of action in this event is not negligence, but rather the wrongful keeping of the animal with knowledge of its viciousness; and thus both viciousness and scienter are indispensible [sic] elements to be averred and proved.

*Swain v. Tillett*, 269 N.C. 46, 51, 152 S.E.2d 297, 301 (1967) (citations and internal quotation marks omitted). Regarding the element of viciousness, in order to survive summary judgment a plaintiff must at least forecast evidence that "the dog had demonstrated its vicious inclinations by trying to bite someone and that the owner or keeper had knowledge of it." *See Hunt v. Hunt*, 86 N.C. App. 323, 327, 357 S.E.2d 444, 447 (1987) (citing *Hill v. Moseley*, 220 N.C. 485, 17 S.E.2d 676 (1941)).

In the present case, Plaintiff has presented no evidence that Lacy had bitten, or had ever attempted to bite, anyone previously. Although Defendants routinely cautioned people who did not know Lacy to avoid parking in their driveway, Plaintiff has presented no evidence that this was motivated by anything other than Defendants' general belief that dogs can be territorial. As such, Plaintiff has forecast insufficient evidence to establish that Lacy was "vicious" for the purposes of her negligence action against Defendants. Therefore, summary judgment was proper.

Affirmed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).