Dunn Holdings I, Inc. v. Confluent Health LLC, 2018 NCBC 131.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

DUNN HOLDINGS I, INC.
(previously DUNN PHYSICAL
THERAPY, INC.), a North Carolina
corporation, Individually and
Derivatively on behalf of
BREAKTHROUGH CARY PT, LLC;
CHRISTOPHER F. DUNN; and
THERESA M. DUNN,

Plaintiffs,

v.

CONFLUENT HEALTH LLC, a
Delaware limited liability company;
LAURENCE N. BENZ, Manager of
Breakthrough Cary PT, LLC;
BREAKTHROUGH CARY PT, LLC,
a North Carolina limited liability
company; MARK F. WHEELER;
JEFFREY HATHAWAY; and
BREAKTHROUGH PHYSICAL
THERAPY, INC.,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 9321

**ORDER AND OPINION ON
DEFENDANT BREAKTHROUGH
CARY PT, LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant Breakthrough Cary PT,

LLC's Motion for Partial Summary Judgment and to Stay. ("Motion"; ECF No. 71.)

Pursuant to Business Court Rule 7.4, and the consent of the parties, the Court decides

the Motion without a hearing.

THE COURT, having considered the Motion, the briefs in support of and in

opposition to the Motion, and other appropriate matters of record, concludes that the

Motion should be DENIED for the reasons set forth below.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by J.*
*Mitchell Armbruster for Plaintiffs Dunn Holdings I, Inc.; Christopher F.*
*Dunn; and Theresa M. Dunn.*

*Stites & Harbison PLLC, by Chadwick A. McTighe (pro hac vice) and Timothy D. Thompson (pro hac vice), and Robinson, Bradshaw & Hinson, P.A., by Edward F. Hennessey, IV for Defendants Confluent Health LLC; Laurence N. Benz; Breakthrough Cary PT, LLC; Mark F. Wheeler; Jeffrey Hathaway; and Breakthrough Physical Therapy, Inc.*

McGuire, Judge.

A. *Facts.*

1.      Defendant Breakthrough Cary PT, LLC ("Breakthrough Cary") is a limited liability company organized under the laws of North Carolina, which engages in the business of providing physical therapy treatment to patients at multiple locations across North Carolina.  (ECF No. 59 at CC, ¶¶ 1–2.)[1]

2.      Plaintiff Dunn Holdings I, Inc. ("Dunn Holdings") is a North Carolina corporation owned by Plaintiffs Dr. Christopher F. Dunn ("Christopher") and his wife, Theresa M. Dunn.  (*Id.* at ¶ 6.)  In 2014, the Dunns sold substantially all of the assets of Dunn Holdings to Breakthrough Cary ("the Transaction").  (*Id.* at ¶ 11.)  As a result of the Transaction, Dunn Holdings is a member of, and owns a 20% interest in, Breakthrough Cary.  The remaining 80% interest in Breakthrough Cary is currently owned by Defendant Confluent Health LLC ("Confluent").[2]  (Breakthrough Cary Op. Ag., ECF No. 50.1, at p. 30 (hereinafter "Operating Agreement").)  Dunn Holdings is a party to the Operating Agreement.  (*Id.* at p. 1.)

---

[1] The parties did not file any competent evidentiary materials in support of or opposition to the Motion.  Accordingly, all facts recited herein are drawn from the allegations in Defendants' counterclaims ("CC").  (Answ. and Countercl., ECF No. 59 at CC, pp. 27–38.)

[2] The 80% interest was originally held by PT Development Cary, LLC ("PT Development"). It is undisputed that PT Development's interest was later transferred to Confluent.

3. In conjunction with the Transaction, Christopher was employed by Breakthrough Cary and Breakthrough PT. (ECF No. 59 at CC, ¶ 5.) In December of 2017, Christopher resigned as an employee of Breakthrough Cary and Breakthrough PT. (*Id.* at ¶¶ 5, 56.) Section 16.8 of the Breakthrough Cary Operating Agreement states that "[i]n the event Christopher's employment with Breakthrough [PT] is terminated for any reason whatsoever, then such termination of employment shall be deemed as an offer by Dunn [Holdings] to sell all of its Membership Interests to [Breakthrough Cary], and [Breakthrough Cary] shall purchase such Membership Interests." (ECF No. 50.1, at pp. 22–23; ECF No. 59 at CC, ¶ 51.) The Operating Agreement provides that the purchase price shall be "the fair market value" of the transferring member's interest as determined by agreement among the members within 30 business days of the triggering event. (ECF No. 50.1, at pp. 21–22.) If the parties cannot reach agreement, the fair market value is determined through a detailed appraisal process. (*Id.*)

4. Following Christopher's resignation, Breakthrough Cary notified Dunn Holdings that it was invoking the provisions of section 16.8 of the Operating Agreement and that Dunn Holdings was required to engage in the process for determining the fair market value of Dunn Holding's interests in Breakthrough Cary. (ECF No. 59 at CC, ¶¶ 56–62.) Breakthrough Cary alleges that Dunn Holdings has refused to participate in the mandatory appraisal and buyout process. (*Id.* at ¶¶ 21, 64.)

*A. Procedural History*

5.      Plaintiffs filed their first Complaint in this matter on July 28, 2017. (ECF No. 3.)  Plaintiffs subsequently filed an Amended Complaint on November 6, 2017.  (ECF No. 7.)  On December 22, 2017, Plaintiffs filed a Motion to Amend Complaint, (ECF No. 36), with a proposed Second Amended Complaint.  (ECF No. 36.2.)  The Court granted the Motion to Amend Complaint on January 30, 2018 and deemed the Second Amended Complaint to have been filed and served upon Defendants on January 30, 2018.  (ECF No. 47.)

6.      On May 8, 2018, Defendants filed their Answer and Counterclaims. (ECF No. 59.)  Defendants' fourth counterclaim alleges that Dunn Holdings breached the Operating Agreement by refusing to participate in the mandatory appraisal and buyout process.  (*Id*. at CC, ¶¶ 49–64.)  Alternatively, the in the fourth counterclaim, Breakthrough Cary asks the Court to declare the rights of the parties under the Operating Agreement and to determine how the appraisal process should occur.  (*Id*. at ¶ 65.)

7.      On August 1, 2018, Breakthrough Cary filed the Motion for Partial SJ. Breakthrough Cary seeks summary judgment on only Defendants' fourth counterclaim for breach of contract or declaratory judgment.  (ECF No. 71, at p. 1.) Breakthrough Cary also moves the Court to stay this lawsuit to allow completion of the appraisal process.  (*Id*.)  In support of the Motion for Partial SJ, Breakthrough Cary filed a Memorandum in Support of its Motion for Partial Summary Judgment and Motion to Stay.  ("Mem. in Supp."; ECF No. 72.)  Breakthrough Cary attached to

the Mem. in Supp. six (6) separate letters that had been exchanged between Christopher and Dunn Holdings, and Breakthrough Cary ("the Correspondence"). (ECF Nos. 72.1–72.6.) The Correspondence was not accompanied by an affidavit. Breakthrough Cary did not file any other materials in support of the Motion.

8. On September 4, 2018, Plaintiffs filed a Response to Defendants' (*sic*) Motion for Partial Summary Judgement and Motion to Stay. (ECF No. 76.) Breakthrough Cary filed a Reply in Support of the Motion, (ECF No. 78), and the Motion is now ripe for determination.

## I.     ANALYSIS

9. Breakthrough Cary moves pursuant to Rule 56(a) for summary judgment in its favor on its claim for a declaratory judgment, arguing that Dunn Holdings breached the Operating Agreement, (ECF No. 72, at pp. 1–7), and requests that the Court

> order Dunn Holdings to identify its appraiser within 10 days of the date the order granting this motion is issued, and . . . set a date by which the appraisal must be completed (Breakthrough Cary suggests that 90 days should be more than sufficient). Further, the Court should stay all deadlines in this action so the appraisal process can proceed and the parties and Court can avoid wasting resources.

(*Id.* at p. 7.)

10. Rule 56(a) provides that a claimant "may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion

for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

11. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) (citation and quotation marks omitted). An issue is "material" if "resolution of the issue is so essential that the party against whom it is resolved may not prevail." *Unitrin Auto & Home Ins. Co. v. McNeill*, 215 N.C. App. 465, 467, 716 S.E.2d 48, 50 (2011) (citation omitted). When a party bearing the burden of proof moves for summary judgment on its claim, it bears "the burden of clearly establishing lack of a triable issue to the trial court." *N.C. Farm Bureau Mut. Ins. Co. v. Sadler*, 365 N.C. 178, 182, 711 S.E.2d 114, 116 (2011) (quotation marks omitted). The moving party can meet this burden by "show[ing] that there are no factual issues in dispute and 'no gaps' in their proof." *Home Indem. Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 189, 199, 494 S.E.2d 774, 780 (1998) (citing *Parks Chevrolet, Inc. v. Watkins*, 74 N.C. App. 719, 721, 329 S.E.2d 728, 729 (1985)).

12. In considering a motion for summary judgment, all evidence is viewed in the light most favorable to the nonmoving party. *Mosely v. WAM, Inc.*, 167 N.C. App. 594, 597, 606 S.E.2d 140, 142 (2004). "If the movant demonstrates the lack of a genuine issue of material fact, the burden shifts to the non-movant to present specific

facts which establish the presence of a genuine factual dispute for trial." *Friends of Crooked Creek, L.L.C. v. C.C. Partners, Inc.*, 802 S.E.2d 908, 911–12, 2017 N.C. App. LEXIS 568, at *8 (2017) (quoting *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)).

13. Plaintiffs contend that the Motion "is not supported by any affidavits, and there is therefore no competent evidence for the Court to consider as a summary judgment motion." (ECF No. 76, at p. 1.) Plaintiffs further argue that the Motion for Partial SJ must be treated as a motion for judgment on the pleadings under Rule 12(c), which should be denied because Plaintiffs dispute allegations of material fact underlying Breakthrough Cary's counterclaim for breach of the Operating Agreement. (*Id.* at pp. 1–2.) While the Court is not persuaded that a motion for summary judgment under Rule 56 can be converted into a motion for judgment on the pleadings by the trial court, it need not reach this issue because Plaintiffs are correct that Breakthrough Cary has not filed appropriate supporting materials on which summary judgment can be granted.

14. Unless based on admissions in the pleadings, a motion for summary judgment must be supported by admissible evidentiary materials, such as depositions, answers to interrogatories, responses to requests for admissions, and affidavits. Rule 56(c); *Blades v. Raleigh*, 280 N.C. 531, 544–45, 187 S.E.2d 35, 43 (1972) ("[U]nder Rule 56 the court may receive and consider various kinds of evidence. . . . Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file

whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken. . . . Oral testimony may also be received by reason of Rule 43(e)" (citation omitted)).  In addition, submitted affidavits must meet the requirements of Rule 56(e) of the North Carolina Rules of Civil Procedure: "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Rule 56(e).  Furthermore,

> [A]ffidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered when passing on the motion for summary judgment.  Hearsay matters included in affidavits should not be considered by a trial court in entertaining a party's motion for summary judgment. Similarly, a trial court may not consider that portion(s) of an affidavit which is not based on an affiant's personal knowledge.

*Wein II, LLC v. Porter*, 198 N.C. App. 472, 476, 683 S.E.2d 707, 711 (2009) (internal citations and quotation marks omitted).

15.    In this case, Breakthrough Cary does not seek summary judgment based on admissions in the pleadings, and has not filed affidavits or other proper materials in support of its Motion for Partial SJ.  Instead, it attached to its Memorandum six unsworn letters.  "Unsworn letters and correspondence are not the type of evidence considered by the court pursuant to Rule 56, and should not be considered during summary judgment. . . . Instead, 'parties are required to set forth facts in affidavits or as otherwise provided.'"  *Duke Energy Carolinas, LLC v. Bruton Cable Serv.*, 233 N.C. App. 468, 473, 756 S.E.2d 863, 866–67 (2014) (quoting *Strickland v. Doe*, 156

N.C. App. 292, 296, 577 S.E.2d 124, 129 (2003); *see also TD Bank, N.A. v. Williams*, 247 N.C. App. 864, 873, 787 S.E.2d 74, 80 (2016) ("Unsworn letters and correspondence are not the type of evidence considered by the court at summary judgment, and should not be considered."). The contents of the unsworn letters constitutes the type of "other material which set[s] forth facts which would not be admissible in evidence." *Wein II, LLC*, 198 N.C. App. at 476, 683 S.E.2d at 711.

16.    Breakthrough Cary contends that it can make a motion for summary judgment because Rule 56(a) provides that a claimant can "move with or without supporting affidavits." (ECF No. 78, at pp. 1–2.) However, it cites no appellate or other case authority in support of the argument that a movant can fulfill its burden under Rule 56 with unsworn documents and need not file at least some type of competent materials (i.e., deposition, sworn responses to interrogatories, etc.). To the contrary, as discussed above, the Court of Appeals has repeatedly held that the type of materials relied upon by Breakthrough Cary here—unsworn letters—are not sufficient to support a motion for summary judgment. *See Strickland*, 156 N.C. App. at 296, 577 S.E.2d at 129 ("The supplemental discovery, in the form of a letter by plaintiffs' attorney containing an unsigned summary of a report by a private investigator as to what the investigator was told . . . is not the type of evidence that may be relied on by the trial court in deciding a motion for summary judgment.").

17.    In addition, the Court concludes that the statement "with or without supporting affidavits" in Rule 56(a) must be construed in the context of the rest of Rule 56, including Rule 56(c). *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 188, 594 S.E.2d

1, 20 (2004) (Courts do "not read segments of a statute in isolation" but "[r]ather, [ ] construe statutes *in pari materia*, giving effect, if possible, to every provision."); *Ernie's Tire Sales & Service v. Riggs*, 106 N.C. App. 460, 464, 417 S.E.2d 75, 77 (1992) ("[A]ll parts of a statute must be read together, neither taking specific words out of context, nor interpreting one part so as to render another meaningless."). Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any*, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." (emphasis added). Read in light of Rule 56(c), the language "with or without supporting affidavits" appears to simply mean that a motion for summary judgment under Rule 56(a) may be supported by the other materials listed in Rule 56(c), and does not need to be based on affidavits. This is consistent with North Carolina case law regarding the materials that would support the entry of summary judgment. *See Blades*, 280 N.C. at 544–45, 187 S.E.2d at 43 (listing types of "evidence", including affidavits, that a court may properly consider in deciding a motion for summary judgment).

18. Breakthrough Cary has not met its burden as the moving party under Rule 56(a) because it has not filed any competent evidence in support of its motion for summary judgment. Therefore, the Motion should be DENIED.

## II.    CONCLUSION

19.    THEREFORE, IT IS ORDERED that the Motion is DENIED.


SO ORDERED, this, the 19th day of December, 2018.


                 /s/ Gregory P. McGuire_____
                 Gregory P. McGuire
                 Special Superior Court Judge for
                 Complex Business Cases